**McGuireWoods LLP**
Kerri H. Sakaue (SBN 301043)
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
Tel: (310) 315-8200
Fax: (310) 315-8210

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GIOVANNI MIMS, an individual

Plaintiff,

vs.

AMLI MANAGEMENT COMPANY, an Illinois Corporation: AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1-50, inclusive,

Defendants.

CASE NO.

[Alameda Case No. HG20053462]

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

***Filed Under Separate Cover:***

**(1) DECLARATION OF MARTHA ARTEAGA**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants AMLI MANAGEMENT COMPANY ("AMLI Management"), AMLI RESIDENTIAL PARTNERS, LLC ("AMLI Partners"), and AMLI RESIDENTIAL PROPERTIES, L.P. ("AMLI Properties") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Alameda (the "State Court"), in which the action is currently pending, to the United States District Court for the Northern District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal. In support of this Notice of Removal, Defendants aver as follows:

**STATE COURT ACTION**

1. On or about February 5, 2020, Plaintiff GIOVANNI MIMS ("Plaintiff") filed a Complaint against Defendants in the State Court, styled as *Giovanni Mims v. AMLI Management Company; AMLI Residential Partners, LLC; AMLI Residential Properties, L.P.; and DOES 1-50, inclusive*, Case No. HG20053462 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. On March 9, 2020, Defendants timely filed their Answer to the Complaint in the State Court Action, after determining that the amount-in-controversy with respect to Plaintiff's individual claims alleged in the Complaint failed to meet the $75,000 minimum threshold for federal diversity jurisdiction. A true and correct copy of the Answer is attached hereto as **Exhibit B**. Defendants also determined that the claims alleged by Plaintiff on a class action basis failed to meet the $5 million threshold for removal under the Class Action Fairness Act.

3. On or about May 13, 2020, Plaintiff filed and served a First Amended Complaint ("FAC") on Defendants. A true and correct copy of the FAC is attached hereto as **Exhibit C**. The FAC is largely identical to the original Complaint, except that Plaintiff added a Seventh Cause of Action seeking to recover penalties under the California Private Attorneys General Act (the "PAGA

Claims") and derivative of the underlying Labor Code violations alleged in the original Complaint. *See* FAC, ¶¶ 80–86.

4. By adding the PAGA Claims to this lawsuit, the FAC increased the amount-in-controversy with respect to Plaintiff's individual claims above $75,000, thus Defendants' time to remove this action runs from the date that Plaintiff filed the FAC. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

5. On June 10, 2020, Defendants filed and served their Answer to the FAC in the State Court Action. A true and correct copy of Defendants' Answer is attached hereto as **Exhibit D**.

6. All other documents, processes, pleadings, and orders on file in the State Court Action are attached hereto as **Exhibit E**.

7. The docket for the State Court Action does not indicate that there has been service of process upon any "Does," and Defendants are informed and believe that there has been no service of process upon any "Does," which are fictitious defendants and therefore properly disregarded for purposes of this removal. 28 U.S.C. § 1441(a).

8. In accordance with 28 U.S.C. § 1446(d), Defendants will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

**TIMELINESS OF REMOVAL**

9. This action has not previously been removed to federal court.

10. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that a Notice of Removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

11. Prior to the filing of the FAC, the amount-in-controversy in this lawsuit did not exceed the $75,000 minimum threshold for federal diversity jurisdiction. *See infra*, ¶¶ 23–51 (calculating the amount-in-controversy for each of Plaintiff's causes of action).

12. By adding the PAGA Claims to this lawsuit, Plaintiff's FAC increased the amount-in-controversy by over $20,000, thus satisfying the $75,000 minimum threshold for federal diversity jurisdiction for the first time in this case. *See id.*

13. As such, Defendants have timely filed this Notice of Removal within thirty (30) days of May 13, 2020, the date on which Defendants were served with the FAC in the State Court Action.

**REMOVAL JURISDICTION – DIVERSITY**

14. This Court has jurisdiction over this action under 28 U.S.C. §§ 1332(a), 1441(b), and all other applicable bases for removal.

15. As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Northern District of California, which is the District Court embracing the place where the State Court Action has been filed.

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendants, because (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and Defendants, on the other hand; and (2) the amount-in-controversy exceeds $75,000.00, exclusive of interest.

**CITIZENSHIP OF PARTIES**

17. **Plaintiff's Citizenship.** The FAC states that "Plaintiff . . . is, and at all relevant times mentioned herein, an individual residing in the State of California." *See* Exh. C (FAC), ¶ 4. Prior to his separation of employment from AMLI Management, Plaintiff worked for AMLI Management in California from approximately January 1, 2019 through July 16, 2019 (the "California Period"). (*See* Declaration of Martha Arteaga ("Arteaga Decl."), ¶ 5). Further, Defendants are informed and believe, and based thereon allege, that Plaintiff has the intent to remain in California and is, therefore, a resident and citizen of the State of California. *See, e.g.*, *Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address and a valid California drivers' license).

18. **AMLI Management's Citizenship.** AMLI Management is a Delaware corporation with its headquarters and principal place of business in Chicago, Illinois. *See* California Secretary of State Corporation Search at URL: https://businesssearch.sos.ca.gov/ (Corporation Entity Search Name: "AMLI Management Company"). At its corporate headquarters in Chicago, AMLI Management's officers direct, control and coordinate its activities, and the majority of its executive and administrative functions are performed there. Thus, AMLI Management was not and is not a citizen of the State of California but, rather, was and is a citizen of the States of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010) (for purposes of removal, the "principal place of business" is determined by the "nerve center" test whereby an entity is deemed to be a citizen of the State where its officers direct, control and coordinate activities).

19. **AMLI Partners' Citizenship.** For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by looking at the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citations omitted). AMLI Partners is, and was at the time that this action commenced, a Delaware limited liability company whose single member is PPF AMLI Acquisition LLC. (Arteaga Decl., ¶ 10). PPF AMLI Acquisition LLC is a Delaware limited liability company whose single member is PPF Multifamily, LLC. (*Id.* at ¶ 12). PPF Multifamily, LLC is a Delaware limited liability company whose single member is PPF OP, LP. (*Id.* at ¶ 13). PPF OP, LP is a Delaware limited partnership whose partners are PPF OPGP, LLC and Prime Property Fund, LLC. (*Id.* at ¶ 14). PPF OPGP, LLC is a Delaware limited liability company whose single member is Prime Property Fund, LLC. (*Id.* at ¶ 15). Prime Property Fund, LLC is a Delaware limited liability company whose single member is a citizen of the States of Delaware and New York. (*Id.* at ¶ 16). Accordingly, AMLI Partners was not and is not a citizen of the State of California but, rather, was and is a citizen of the States of Delaware and New York.

20. **AMLI Properties' Citizenship.** For purposes of diversity jurisdiction, the citizenship of a limited partnership is determined by looking at the citizenship of its partners. *Johnson*, 437

F.3d at 899. AMLI Properties is, and was at the time that this action commenced, a Delaware limited partnership whose two partners are AMLI Partners and PPF AMLI Acquisition LLC. (Arteaga Decl., ¶ 11). Both AMLI Partners and PPF AMLI Acquisition LLC are citizens of the States of Delaware and New York. *See supra*, ¶ 19. Accordingly, AMLI Properties was not and is not a citizen of the State of California but, rather, was and is a citizen of the States of Delaware and New York.

21. **DOE Defendants.** Defendants "DOES 1-50" are fictitious Defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).

22. Accordingly, there is complete diversity between Plaintiff, on the one hand, and Defendants, on the other hand.

**AMOUNT IN CONTROVERSY**

23. An action may be removed if the defendant establishes, by a preponderance of the evidence, that the aggregate amount-in-controversy exceeds the jurisdictional amount. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Bank of California Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount-in-controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The removing defendant's burden of establishing that the amount in controversy exceeds $75,000 is not daunting and thus does not require the defendant to do extensive research or prove the plaintiff's damages. *See Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *16 (C.D. Cal. May 9, 2011).

24. The amount in controversy is the "amount at stake in the underlying litigation," and it includes "***all*** relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (emph. added). In determining whether the amount-in-controversy exceeds $75,000.00, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Inc.*, 31 F.3d 1092 (11th Cir. 1994) (the amount-in-controversy analysis presumes that "plaintiff prevails on

liability")). In addition, the Court may look beyond the complaint to determine whether the amount-in-controversy is met, if necessary. *See Abrego Abrego*, 443 F.3d at 690.

25. Furthermore, as recently confirmed by the Ninth Circuit in *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15, 417-18 (9th Cir. 2018), "the amount in controversy is not limited to damages incurred prior to removal…[r]ather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." Accordingly, the amount in controversy may include all relief available to Plaintiff through the end of trial.

26. Here, Plaintiff's FAC does not seek a specific dollar amount of recovery. However, a defendant may remove a suit to a federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy. To that end, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and a defendant's allegations regarding federal court jurisdiction must be accepted as true unless and until otherwise contested by a plaintiff. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). Here, considered together, Plaintiff's individual claims for unpaid wages and premiums, civil and statutory penalties, and attorneys' fees establish by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.[1] Notably, the $75,000 amount-in-controversy threshold is met even without inclusion of interest and costs that Plaintiff seeks in this action.

***<u>First Cause of Action – Failure to Provide Rest Periods</u>***

27. Plaintiff's **First Cause of Action** for **failure to provide rest periods** alleges that Plaintiff was "not provided with rest periods of at least ten (10) minutes for each four (4) hour work period" because of "Defendant's policies which required that employees work through the entirety

[1] The amount in controversy calculations, as set forth below, are based on an assumption *for purposes of removal only* that the allegations of Plaintiff's FAC regarding his theories of liability are true but *without any type of express or implied admission that any such liability in fact exists*. *See, e.g.*, *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("Removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

of their shifts outside of their hour long meal periods." *See* Exh. C (FAC), ¶ 22. Plaintiff also alleges that "Defendants' productivity requirements . . . required Plaintiff [and other putative class members] to work through their rest periods in order to complete their assignments on time." *Id.* at ¶ 23. Plaintiff further alleges that Defendants "maintained a policy or practice of not providing members of the [putative class] with net rest period of at least ten minutes for each four hour work period," and "failed to pay Plaintiff . . . additional premium wages when required rest periods were not provided." *Id.* at First Cause of Action, ¶¶ 12–13.

28. For this cause of action, Plaintiff seeks recovery of "unpaid premium wages," "interest," "costs of suit," and "reasonable attorneys' fees." *Id.* at First Cause of Action, ¶¶ 15–16. Plaintiff also alleges that Defendants "failed to pay [Plaintiff] premium wages for missed rest periods at the ***regular rate of pay***." *Id.* at ¶ 1(3) (emph. added).

29. Plaintiff's allegations can be reasonably interpreted to mean that he *never* received *any* legally compliant rest breaks and were *never* paid for any such non-compliant breaks. On that basis, Defendants can reasonably assume Plaintiff will claim to have not been provided and paid for at least one compliant rest break for each day he worked during the California Period. *See*, *e.g.*, *Archuleta v. Avcorp Composite Fabrication, Inc.*, 2018 WL 6382049, at *4-5 (C.D. Cal. Dec. 6, 2018) (finding use of 100% violation rate permissible where the complaint alleged a "consistent policy of violations" but "the complaint does not allege a more precise calculation.") (int. quot. omitted); *Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *6 (C.D. Cal. Apr. 28, 2015) (approving use of 100% violation rate where complaint alleged meal break violations occurred at "all material times."); *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, *4 (C.D. Cal. May 21, 2015) (holding that a 100% violation rate was properly utilized where the plaintiff's complaint did "not contain any allegations that suggest a 100% violate rate is an impermissible assumption").

30. Therefore, Defendants calculate the amount-in-controversy on Plaintiff's rest break claim as follows:

| Work Days per Week | | Number of Weeks During the California Period | | Regular Rate of Pay[2] | | Amount In Controversy |
|---|---|---|---|---|---|---|
| 5 | x | 28 | x | $30.73 | = | $4,302.20 |

Accordingly, the amount in controversy on the **First Cause of Action** is at least **$4,302.20**.

***<u>SECOND CAUSE OF ACTION – FAILURE TO PAY HOURLY AND OVERTIME WAGES</u>***

31. Plaintiff's **Second Cause of Action** for **failure to pay hourly and overtime wages** alleges that Defendants failed to pay Plaintiff "overtime wages for all overtime hours worked . . . as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses." *See* Exh. C (FAC), ¶¶ 1(5), 29.

32. During the California Period, Plaintiff was regularly scheduled to work five days per week and at least 40 hours per week, and his base hourly rate was $18.00 per hour. (Arteaga Decl., ¶ 7). Plaintiff's wage statements show that his overtime rate of pay was $27 per hour during the California Period. (*Id.* at Ex. 1).

33. During the California Period, Plaintiff worked a total of 1001.75 straight time hours and 53.75 overtime hours, earning a total of $18,031.50 in straight time wages and $1,451.25 in overtime wages. (*Id.*). In addition to his straight time wages and overtime wages, Plaintiff also regularly received commissions, which were referred to as "Leasing Bonuses," based on his job performance. (*Id.* at ¶ 8). During the California Period, Plaintiff earned approximately $14,404.58 in Leasing Bonuses. (*Id.* at ¶ 8, Ex. 1).

34. Defendants calculate Plaintiff's regular rate of pay during the California period (assuming for purposes of removal that the Leasing Bonuses should be included in the calculation) as follows:

($18,031.50 + $14,404.58) ÷ (1001.75 hours + 53.75 hours) = **<u>$30.73 per hour</u>**

As such, Defendants calculate Plaintiff's overtime rate during the California Period as follows:

$30.73 per hour × 1.5 = **<u>$46.10 per hour</u>**

[2] *See infra*, ¶ 34.

35. Therefore, Defendants calculate the amount-in-controversy on Plaintiff's claim for failure to pay overtime wages as follows:

| Difference in Overtime Rate | | Total Overtime Hours Worked | | Liquidated Damages | | Amount In Controversy |
|---|---|---|---|---|---|---|
| ($46.10 – $27) | × | 53.75 | × | 2 | = | $2,053.25 |

Accordingly, the amount in controversy on the **Second Cause of Action** is at least **$2,053.25.**

***<u>FOURTH CAUSE OF ACTION – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS</u>***[3]

36. Plaintiff's **Fourth Cause of Action** for **failure to provide accurate wage statements** alleges that "at all relevant times during the applicable limitations period, Defendants have failed to provided [Plaintiff and putative class members] with . . . accurate wage statements and have misled them about their actual rates of pay and wages earned," and, on that basis, Plaintiff seeks to recover statutory penalties pursuant to Cal. Lab. Code § 226(e) ("Section 226(e)"). *See* Exh. C (FAC), ¶¶ 44–45. Plaintiff further alleges that "***all*** applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee were not accurately reflected" in the wage statements throughout the California Period. *See id.* at ¶ 5.

37. Pursuant to Section 226(e), penalties for such wage statement violations may be sought in an amount equal to fifty dollars ($50) per employee for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent period, not to exceed $4,000 per employee. *See* Cal. Lab. Code § 226(e); *see also* Exh. C (FAC), Fourth Cause of Action, ¶ 47.

38. Because Plaintiff's inaccurate wage statement claim expressly alleges that, "at all relevant times…, Defendants have failed to provide [Plaintiff and putative class members] with written wage statements" as required by law, it is reasonable to interpret Plaintiff's FAC as alleging that he *never* received accurate wage statements from Defendants. *See*, *e.g.*, *Korn v. Polo Ralph*

---

[3] The Third Cause of Action alleged in Plaintiff's FAC is vaguely pled and does not identify the number of vacation days or amount of vacation pay that Plaintiff is allegedly owed. As such, the amount-in-controversy for the Third Cause of Action is not included in the calculations herein, but Defendants reserve the right to include this amount in future calculations.

*Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."); *Sanchez*, 2015 WL 12765359, *6 (C.D. Cal. Apr. 28, 2015) (approving use of 100% violation rate where Labor Code violations allegedly occurred at "all material times.").

39. During the California Period, Plaintiff's employment spanned 15 biweekly pay periods and Plaintiff received no less than 15 wage statements. (Arteaga Decl., ¶ 6.) Therefore, the amount in controversy on Plaintiff's Fourth Cause of Action for inaccurate wage statement penalties is calculated as follows:

| Initial Pay Period | | Penalty | | Subsequent Pay Periods | | Penalty | | Amount In Controversy |
|---|---|---|---|---|---|---|---|---|
| 1 | × | $50 | + | 14 | × | $100 | = | $1,450.00 |

Accordingly, the amount in controversy on the **Fourth Cause of Action** is at least **$1,450.**

***FIFTH CAUSE OF ACTION – FAILURE TO TIMELY PAY FINAL WAGES***

40. Plaintiff's **Fifth Cause of Action** seeks **waiting time penalties** pursuant to Cal. Lab. Code § 203 in the amount of up to 30 days of wages at the regular hourly rate of pay for Plaintiff. *See* Exh. C (FAC), ¶¶ 1(8), 48–58. Plaintiff's employments terminated on July 16, 2019, thus Plaintiff is eligible to receive the maximum in waiting time penalties.

41. As set forth above, Plaintiff's regular rate of pay during the California Period was $32.38 per hour, and Plaintiff was regularly scheduled to work 8 hours per day. (Arteaga Decl., ¶ 7). Accordingly, the amount in controversy on Plaintiff's Fifth Cause of Action for statutory waiting time penalties is:

| Hours Per Workday | | Days Since Termination (capped at 30) | | Regular Rate of Pay | | Amount In Controversy |
|---|---|---|---|---|---|---|
| 8 | x | 30 | X | $30.73 | = | $7,375.20 |

Accordingly, the amount in controversy on the **Fifth Cause of Action** is at least **$7,375.20.**

***SEVENTH CAUSE OF ACTION – CIVIL PENALTIES (PAGA)***[4]

42. Plaintiff's **Seventh Cause of Action** is a derivative PAGA claim that seeks **civil penalties** pursuant to Cal. Lab. Code § 2699 stemming from the underlying Labor Code violations alleged in the FAC. *See* Exh. C (FAC), ¶¶ 80–86. Specifically, Plaintiff seeks civil penalties under PAGA for "Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198." *Id.* at ¶ 85.

43. Under Cal. Lab. Code § 2699(f), the default penalties available under PAGA are "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." *See Allen v. Utiliquest, LLC*, 2013 WL 4033673, at *7 (N.D. Cal. Aug. 1, 2013) ("PAGA penalties are $100 for each initial violation and $200 for each subsequent violation.") (citations omitted). But the default PAGA penalty does not apply if the Labor Code prescribes a different penalty amount for specific Labor Code violations—the FAC identifies the specific penalties for each of the alleged Labor Code violations for which Plaintiff is seeking to recover PAGA penalties. *See* Exh. C (FAC), ¶¶ 85(A)-(G).

44. For purposes of calculating the amount-in-controversy, PAGA penalties may be aggregated, or "stacked," for each alleged violation of the Labor Code. *See Schiller v. David's Bridal, Inc.,* 2010 WL 2793650, at *5 (E.D. Cal. July 14, 2010) ("Plaintiff alleges that Defendant's business practices violate seven (7) separate sections of the California Labor Code . . . . [T]he Court concludes that Defendant may aggregate all alleged PAGA penalties asserted as to each cause of action for purposes of establishing the amount in controversy.").

45. In the FAC, Plaintiff identifies no less than seven independent violations of the Labor Code to support his claim for PAGA penalties. *See* Exh. C (FAC), ¶ 85(A)–(G). Therefore, Defendants calculate the PAGA penalty for each of Plaintiff's underlying Labor Code violations:

---

[4] The Sixth Cause of Action in Plaintiff's FAC is a claim for unfair competition (the "UCL Claim") under Cal. Bus. & Prof. Code §§ 17200 *et seq.* Plaintiff has no additional damages for his UCL Claim, thus Defendants have not included it in the amount-in-controversy calculation.

a. FAC, ¶ 85(A) – "Violations of Labor Code sections 201, 202, 203, 212, 226.7, 1194, and 1198 . . . (penalties set by Labor Code section 2699(f)(2))"

| Initial Pay Period | | Penalty | | Subsequent Pay Periods | | Penalty | | Total Penalty Per Violation |
|---|---|---|---|---|---|---|---|---|
| 1 | × | $100 | + | 14 | × | $200 | = | $2,900.00 |

| Total Penalty Per Violation | | Statutes Allegedly Violated | | Amount In Controversy |
|---|---|---|---|---|
| $2,900 | × | 7 | = | **$20,300.00** |

b. FAC, ¶ 85(B) – "Violations of Labor Code section 203 . . . (penalties set by Labor Code section 256)"

| Hours Per Workday | | Days Since Termination (capped at 30) | | Regular Rate of Pay | | Amount In Controversy |
|---|---|---|---|---|---|---|
| 8 | x | 30 | x | $30.73 | = | **$7,375.20** |

c. FAC, ¶ 85(C) – "Violations of Labor Code section 204 . . . (penalties set by Labor Code section 210)"

| Initial Pay Period | | Penalty | | Subsequent Pay Periods | | Penalty | | Amount In Controversy |
|---|---|---|---|---|---|---|---|---|
| 1 | × | $100 | + | 14 | × | $200 | = | **$2,900.00** |

d. FAC, ¶ 85(D) – "Violations of Labor Code section 223 . . . (penalties set by Labor Code section 225.5)"

| Initial Pay Period | | Penalty | | Subsequent Pay Periods | | Penalty | | Amount In Controversy |
|---|---|---|---|---|---|---|---|---|
| 1 | × | $100 | + | 14 | × | $200 | = | **$2,900.00** |

e. FAC, ¶ 85(E) – "Violations of Labor Code section 226(a) . . . (penalties set by Labor Code section 226.3)"

| Total Pay Periods | | Penalty | | Amount In Controversy |
|---|---|---|---|---|
| 15 | × | $250 | = | **$3,750.00** |

f. FAC, ¶ 85(F) – "Violations of Labor Code sections 510 and 512 . . . (penalties set by Labor Code section 558)"

| Initial Pay Period | | Penalty | | Subsequent Pay Periods | | Penalty | | Total Penalty Per Violation |
|---|---|---|---|---|---|---|---|---|
| 1 | × | $50 | + | 14 | × | $100 | = | $1,450.00 |

| Total Penalty Per Violation | | Statutes Allegedly Violated | | Amount In Controversy |
|---|---|---|---|---|
| $1,450 | × | 2 | = | **$2,900.00** |

g. FAC, ¶ 85(G) – "Violations of Labor Code section 1197 . . . (penalties set by Labor Code section 1197.1)"

| Initial Pay Period | | Penalty | | Subsequent Pay Periods | | Penalty | | Amount In Controversy |
|---|---|---|---|---|---|---|---|---|
| 1 | × | $100 | + | 14 | × | $250 | = | **$3,600.00** |

46. Accordingly, the amount in controversy on Plaintiff's Seven Cause of Action for civil penalties under PAGA is: $20,300.00 + $7,375.20 + $2,900.00 + $2,900.00 + $3,750.00 + $2,900.00 + $3,600.00 = **$43,725.20.**

***STATUTORY ATTORNEYS' FEES***

47. Plaintiff also seeks "costs of suit" and "reasonable attorneys' fees." *See* Exh. C (FAC), Prayer for Relief.

48. Although Defendants dispute that Plaintiff is entitled to any attorneys' fees in this action, where attorneys' fees are sought in the complaint and authorized by statutes (including PAGA and the Labor Code), they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See, e.g.*, *Galt*, 142 F.3d at 1155-56; *Campbell v. Hartford Life Ins. Co.*, 825 F.Supp.2d 1005, 1009 (E.D. Cal. 2011) (same). The value placed on such fees is based on what would "necessarily accrue ***until the action is resolved***." *Simmons*, 209 F.Supp.2d at 1034; *see also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (considering post-removal attorneys' fees "because they are part of the total 'amount at stake,'" irrespective of whether the plaintiff will in fact recover them, and noting that "'[e]mployment claims have been found to require substantial effort from counsel'"); *Vasquez v. Arvato Digital Servs., LLC*, 2011 WL 2560261, *4 (C.D. Cal. June 27, 2011) (finding defendant correctly considered plaintiff's future attorneys' fees in determining the amount in controversy).

49. In a single plaintiff wage-and-hour case, courts generally accept a 100-hour fees estimate for purposes of establishing the amount-in-controversy. *See, e.g., Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, *4 (N.D. Cal. Apr. 15, 2010) ("[A]ttorneys handling wage-and-hour cases typically spend *far more than 100 hours on the case*.") (emph. added). Upon information and belief, the average hourly rate of attorneys at the Setareh Law Group is no less than $500.00 per hour. *See Roberts v. Marshalls of CA, LLC*, 2018 WL 510286, at *14 (N.D. Cal. Jan. 23, 2018) (fee petition submitted by Setareh Law Group shows that lead counsel for Plaintiff Shaun Setareh's hourly rate is $750 per hour). Therefore, a reasonable estimate of the amount-in-controversy with respect to Plaintiff's request for attorneys' fees is $500 × 100 hours = **$50,000.00.**

50. The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in single plaintiff wage-and-hour cases such as this action should indicate that it is "more likely than not" that the Plaintiff will be seeking an attorneys' fees award of ***at least*** **<u>$50,000.00</u>** if this case is litigated to judgment in a jury trial. *See, e.g.*, *Martin v. The Old Turner Inn,* 2003 WL 22998402 (Cal. Sup. 2003) (awarding $147,610 in attorneys' fees and costs in a single-plaintiff wage and hour case in which the plaintiff recovered $49,508 in compensatory and punitive damages); *Bandoy v. Huh,* 1996 WL 675978 (Cal. Sup. 1996) (awarding $73,680 in attorneys' fees in a single plaintiff wage-and-hour employee misclassification case); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (estimating fees based on court's experience).

51. In summary, the reasonably-calculated amount in controversy in this action based on the information in the Complaint and that information presently known to Defendants is as follows:

| **DAMAGES** | **CALCULATION** | **TOTAL** |
|---|---|---|
| Failure to Provide Rest Breaks | *See* ¶ 30, *supra*. | $4,302.20 |
| Failure to Pay Overtime (regular rate) | *See* ¶ 35, *supra*. | $2,053.25 |
| Failure to Provide Accurate Wage Statements | *See* ¶ 39, *supra*. | $1,450.00 |
| Failure to Timely Pay Final Wages | *See* ¶ 41, *supra*. | $7,375.20 |
| PAGA Civil Penalties | *See* ¶¶ 45–46, *supra*. | $43,725.20 |
| Statutory Attorneys' Fees | Based on prior litigation experience | $50,000.00 |
| **TOTAL** | | **$108,905.85** |

52. Accordingly, the estimated amount-in-controversy in this action exceeds the jurisdictional threshold. Therefore, this Court has original jurisdiction in this action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Plaintiff and Defendants; and (2) it is more likely than not that the damages sought by Plaintiff exceed the $75,000 jurisdictional threshold.

**VENUE**

53. As the State Court Action is now pending in Alameda County, California, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Northern District of California, without waiver or limitation of their right to seek transfer of this action to another district pursuant to applicable law.

54. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Defendants' rights, claims, remedies, and defenses in connection with this action (including without limitation issues related to the arbitrability of Plaintiff's claims), all of which are hereby fully and expressly reserved. Further, Defendants expressly reserve the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the Complaint not included herein, should any aspect of this removal and/or the information set forth herein be challenged.

WHEREFORE, Defendants respectfully request that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: June 11, 2020

**McGuireWoods LLP**

By: /s/ Kerri H. Sakaue
Kerri H. Sakaue, Esq.

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

Exhibit A

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
Farrah Grant (SBN 293898)
farrah@setarehlaw.com
SETAREH LAW GROUP
315 S. Beverly Dr., Suite 315
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
GIOVANNI MIMS

ENDORSED
FILED
ALAMEDA COUNTY

FEB 05 2020

CLERK OF THE SUPERIOR COURT
By Roni Gill, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

GIOVANNI MIMS, on behalf of himself, all others similarly situated,

*Plaintiff,*

vs.

AMLI MANAGEMENT COMPANY, an Illinois corporation; AMLI RESIDENTIAL PARTNERS, LLC; a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1 through 50, inclusive,

*Defendants.*

Case No. HG20053462

**CLASS ACTION**

**COMPLAINT**

1. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
2. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
3. Failure to Pay Vacation Wages (Lab. Code § 227.3);
4. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
6. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);

**JURY TRIAL DEMANDED**

Filed By Fax

Exhibit A

COMES NOW, Plaintiff GIOVANNI MIMS ("Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against Defendant AMLI MANAGEMENT COMPANY, an Illinois corporation; AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have

(1) failed to provide Plaintiff and other similarly situated individuals with rest periods;

(2) failed to pay them premium wages for missed rest periods;

(3) failed to pay them premium wages for missed rest periods at the regular rate of pay;

(4) failed to pay them at least minimum wage for all hours worked;

(5) failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(6) failed to pay them for all vested vacation pay;

(7) failed to provide them with accurate written wage statements; and

(8) failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated.

## JURISDICTON AND VENUE

2. This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3. Venue is proper in the County of Alameda pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

**PARTIES**

4. Plaintiff GIOVANNI MIMS is, and at all relevant times mentioned herein, an individual residing in the State of California.

5. Plaintiff is informed and believes, and thereupon alleges that Defendant AMLI MANAGEMENT COMPY is, and at all relevant times mentioned herein, an Illinois corporation doing business in the State of California.

6. Plaintiff is informed and believes, and thereupon alleges that Defendant AMLI RESIDENTIAL PARTNERS, LLC, is and at all relevant times mentioned herein, a Delaware Limited Liability Company doing business in the State of California

7. Plaintiff is informed and believes, and thereupon alleges that Defendant AMLI RESIDENTIAL PROPERTIES, L.P., is and at all relevant times mentioned herein, a Delaware Limited Partnership doing business in the State of California.

8. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

9. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of

such relationship and with the full knowledge, consent and ratification by such other defendants.

10. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## CLASS ALLEGATIONS

11. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12. **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

> **Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.
>
> > **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.
> >
> > **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.
> >
> > **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.
>
> **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.
>
> **Vacation Pay Class**: All persons employed by Defendants in California who earned paid vacation days, including but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**.

13. **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14. **Numerosity**: The class members are so numerous that the individual joinder of each

individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

15. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A. Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

B. Whether Defendants failed to pay premium wages to class members when they have not been provided with required rest periods;

C. Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

D. Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

E. Whether Defendants failed to provide proportionate accruals for vested vacation time for class members as required by California law;

F. Whether Defendants subjected the vacation time and/or floating holidays they offer to class members to forfeiture;

G. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

H. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

I. Whether Defendants are liable to class members for waiting time penalties

Exhibit A

under Labor Code section 203;

J. Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

16. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

17. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

20. Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately April 2018 through July 2019.

Exhibit A

**Missed Rest Periods**

21. Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) understaffing each work shift with not enough workers; (3) Defendant's policies which required that employees work through the entirety of their shifts outside of their hour long meal periods (4) employees being overwhelmed with so much work by Defendants that even if employees wanted to take rest periods, that they were unable to do so out of fear of adverse actions and (5) Defendants placing immense pressure on employees to complete all of their assigned tasks within the timeframe of their scheduled shifts with threats of adverse employment actions should they fail to do so.

22. As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Vacation Pay**

23. Plaintiff and the putative class accrued vacation wages during their employment with Defendants.

24. Under California law, vacation wages are considered a form of wages under Labor Code section 200. Vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

25. At all relevant times, Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, (1982) 31 Cal. 3d 774.

26. Plaintiff and the putative class are entitled to vacation accrued during their employment with Defendants. Upon termination, Plaintiff and the putative class were not paid out all accrued vacation pay.

///

**Regular Rate of Pay**

27. The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions, non-discretionary bonuses, and rest break premium wages.

28. During the applicable limitations period, Defendants violated the rights of Plaintiff and the putative class under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and rest break premium wages.

**Wage Statements**

1. Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

2. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime and rest break premiums, were not included.

3. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime and rest break premiums, were not included.

4. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime and rest break premiums, were not included.

5. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime and rest break premiums, were not included.

///

///

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

6. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

7. At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

8. Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

9. Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

10. Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

11. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

12. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

13. At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

14. Specifically, Defendants written policies do not provide that employees may take a

rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

15. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

16. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY HOURLY AND OVERTIME WAGES

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

17. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

18. At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

19. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

20. Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

21. Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

22. Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

addition to the underlying unpaid minimum wages and interest thereon.

23. Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

24. Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

25. Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

26. Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

27. Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

28. Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

29. Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

30. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to he and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

31. At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

**Employee Class** members for all time worked, including but not limited to, overtime hours and rest period premiums at statutory and/or agreed rates.

32. At all relevant times, Defendants paid Plaintiff failed to pay premium wages based on a rate of compensation that did not reflect, among other things, rest break premiums, as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants should have paid Plaintiff and the putative class premium wages in lieu of rest periods.

33. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay **Hourly Employee Class** members premium wages based on rates of compensation that reflect rest break premiums as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants failed to pay them premium wages in lieu of rest periods.

34. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

**(Lab. Code § 227.3)**

**(Plaintiff and Vacation Pay Class)**

35. Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

36. California Labor Code section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative,

in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

37. At all relevant times during the applicable limitations period, Plaintiffs and members of the **Vacation Pay Class** accrued vacation time during their employment with Defendants.

38. As a result of their reimbursement policies and practices, Plaintiffs are informed and believes and thereon alleges that Defendants failed to reimburse him and **Vacation Pay Class** members for all accrued vacation wages.

39. By reason of the above, Plaintiffs and the members of the **Vacation Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

40. Plaintiffs, on behalf of themselves and the members of the **Vacation Pay Class**, seeks interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

41. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

42. Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer

> is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

43. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

44. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

45. Plaintiff is informed and believes that Defendants' failure to provide he and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

46. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or

Exhibit A

has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

47. Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

**(Lab. Code §§ 201-203)**

**(Plaintiff and Waiting Time Penalties Sub-Class)**

48. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

49. At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

50. At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

51. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

52. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

53. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

54. Plaintiff is informed and believes that, at all relevant time during the applicable

Exhibit A

Exhibit A

limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

55. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

56. Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to he and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

57. Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

58. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

**<u>SIXTH CAUSE OF ACTION</u>**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and UCL Class)**

59. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

60. Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

61. Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from

Exhibit A

Exhibit A

similarly situated persons by means of unfair competition.

62. Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

63. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

64. Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST and SECOND causes of action herein.

65. Plaintiff lost money or property as a result of the aforementioned unfair competition.

66. Defendants have or may have acquired money by means of unfair competition.

67. Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, and 1199, which make it a misdemeanor to commit the Labor Code violations alleged herein.

68. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide employees with duty free uninterrupted 10-15 minute rest periods every four hours work, pay them all accrued vacation wages upon separation, and provide accurate written wage statements.

69. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

70. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of similarly situated persons in a class action proceeding.

Exhibit A

Exhibit A

71. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

72. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

73. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

74. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

75. Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

76. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

77. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

78. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

Exhibit A

belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

79. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief and judgment against Defendants as follows:

(1) An order that the action be certified as a class action;

(2) An order that Plaintiff be appointed class representative;

(3) An order that counsel for Plaintiff be appointed class counsel;

(4) Unpaid wages;

(5) Actual damages;

(6) Liquidated damages;

(7) Restitution;

(8) Declaratory relief;

(9) Pre-judgment interest;

(10) Statutory penalties;

(11) Costs of suit;

(12) Reasonable attorneys' fees; and

(13) Such other relief as the Court deems just and proper.

///

///

///

///

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all issues so triable.

Dated: February 3, 2020

SETAREH LAW GROUP

SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
GIOVANNI MIMS

Exhibit A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shaun Setareh (SBN #204514)
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 711
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 888-7771 FAX NO.: (310) 888-0109
ATTORNEY FOR (Name): GIOVANNI MIMS

FOR COURT USE ONLY
ENDORSED FILED ALAMEDA COUNTY
FEB 05 2020
CLERK OF THE SUPERIOR COURT
By Roni Gil, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
MIMS v. AMLI MANAGEMENT COMPANY, et al.

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: HG20053462
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Six(6)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 4, 2020
Shaun Setareh
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Filed By Fax

Exhibit A

Exhibit A

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability (*not asbestos or toxic/environmental*) (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice (*not medical or legal*)
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract (*not unlawful detainer or wrongful eviction*)
  - Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage (*not provisionally complex*) (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment (*non-domestic relations*)
  - Sister State Judgment
  - Administrative Agency Award (*not unpaid taxes*)
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint (*not specified above*) (42)
  - Declaratory Relief Only
  - Injunctive Relief Only (*non-harassment*)
  - Mechanics Lien
  - Other Commercial Complaint Case (*non-tort/non-complex*)
  - Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition (*not specified above*) (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

Exhibit A

Exhibit B

ENDORSED FILED ALAMEDA COUNTY

MAR - 9 2020

CLERK OF THE SUPERIOR COURT
Deputy
MARGARET J. DOWNEY

MCGUIREWOODS LLP
Kerri H. Sakaue (SBN 301043)
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
Tel: (310) 315-8200
Fax: (310) 315-8210

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

**UNLIMITED JURISDICTION**

GIOVANNI MIMS, on behalf of himself, all others similarly situated,

Plaintiff,

vs.

AMLI MANAGEMENT COMPANY, an Illinois Corporation: AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1-50, inclusive,

Defendants.

CASE NO. HG20053462

[Assigned for all purposes to Hon. Brad Seligman, Dept. 23]

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**

**1. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);**
**2. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);**
**3. Failure to Pay Vacation Wages (Lab. Code § 227.3);**
**4. Failure to Provide Accurate Written Statements (Lab. Code §§ 226(a));**
**5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);**
**6. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);**

Complaint filed: February 5, 2020

FAXED

Exhibit B

Defendants AMLI MANAGEMENT COMPANY ("AMLI Management"), AMLI RESIDENTIAL PARTNERS, LLC ("AMLI Partners"), and AMLI RESIDENTIAL PROPERTIES, L.P. ("AMLI Properties") (collectively, "Defendants") hereby answer the unverified Complaint (the "Complaint") of Plaintiff GIOVANNI MIMS ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, manner and purported cause of action contained in the Complaint, and the whole thereof. Without limiting the generality of the foregoing, Defendants deny, generally and specifically, that they, or any of them, engaged in any wrongful act or omission with respect to Plaintiff and/or the putative class members he purports to represent, or that Plaintiff and/or the putative class members he purports to represent have been damaged in the manner and sums alleged, or in any way at all, as the result of any alleged wrongful act or omission on the part of Defendants, or any of them.

**AFFIRMATIVE OR OTHER DEFENSES**

In further answer to the Complaint, as separate and distinct affirmative defenses, and without assuming the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove, Defendants allege that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

**FIRST AFFIRMATIVE OR OTHER DEFENSE**

1. The Complaint and each and every purported cause of action alleged therein fails to state any claim upon which relief can be granted.

**SECOND AFFIRMATIVE OR OTHER DEFENSE**

2. The Complaint and each and every purported cause of action alleged therein is barred in whole or in part by all applicable statutes of limitations.

**THIRD AFFIRMATIVE OR OTHER DEFENSE**

3. The Complaint and each and every purported cause of action alleged therein is vague, uncertain and unambiguous.

**FOURTH AFFIRMATIVE OR OTHER DEFENSE**

4. Defendants have taken no action and made no omission that violated or sought to violate any statutory or constitutional right relating to Plaintiff and/or the putative class members he purports to represent.

**FIFTH AFFIRMATIVE OR OTHER DEFENSE**

5. Plaintiff and the putative class members that he purports to represent have suffered no damages as a result of any alleged act or omission of Defendants.

**SIXTH AFFIRMATIVE OR OTHER DEFENSE**

6. Although Defendants generally and specifically deny that they owe any amount to Plaintiff and/or the putative class members that he purports to represent, if it should be determined that any amounts are owed, Defendants allege that at all times herein reasonable, good faith disputes existed as to whether any such amounts were owed.

**SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

7. Plaintiff and the putative class members he purports to represent failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded to them should be reduced accordingly.

**EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

8. If Plaintiff and/or any of the putative class members he purports to represent suffered any harm and/or damages (which is expressly denied), said harm and/or damages were proximately caused by their own acts.

**NINTH AFFIRMATIVE OR OTHER DEFENSE**

9. Plaintiff's claims and those of the putative class members he purports to represent are barred, in whole or in part, because they lack standing, including, without limitation, that they have not suffered any injury in fact and have not lost money or property.

**TENTH AFFIRMATIVE OR OTHER DEFENSE**

10. Plaintiff and the putative class members he purports to represent intentionally or negligently relinquished and waived any rights they may have had to institute an action for the

alleged wrongdoings asserted in the Complaint in that they were a major contributing factor to the alleged losses of which they now complain and, by virtue thereof, have waived and/or are estopped from asserting any claims based on the consequences that flow from Defendants' alleged wrongdoing.

**ELEVENTH AFFIRMATIVE OR OTHER DEFENSE**

11. The Complaint and each and every claim alleged therein are barred in whole or in part by the doctrines of release, waiver, estoppel, ratification, acquiescence, consent and/or agreement based on acceptance of wages paid to Plaintiff and/or the putative class members he purports to represent throughout their employment without protest and their acceptance of final payment of wages to them, without protest, and their agreement that no other wages were owed at the time of termination.

**TWELFTH AFFIRMATIVE OR OTHER DEFENSE**

12. The Complaint is barred based on one or more accords and satisfactions.

**THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE**

13. Plaintiff and the putative class members that he purports to represent are guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants. The laches and unreasonable delay were without good cause and substantially prejudiced Defendants because Plaintiff and the putative class members that he purports to represent failed to demand back pay and penalties from the time of the alleged acts to the present and their laches and unreasonable delay have multiplied the amount of their claim. In addition, certain types of evidence in defense against the allegations contained in the Complaint may have become difficult or impossible to obtain.

**FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE**

14. The Complaint and each purported cause of action alleged therein fails to state a claim for attorneys' fees against Defendants.

**FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

15. Plaintiff's Complaint and each and every purported cause of action alleged therein are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel as to Plaintiff

Exhibit B

and/or the putative class members he purports to represent, or some of them.

**SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE**

16. Plaintiff's Complaint and each and every purported claim alleged therein are barred in whole or in part by one or more settlement agreements and/or releases as to Plaintiff and/or the putative class members he purports to represent, or some of them.

**SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE**

17. Defendants are entitled to an offset for any monies received by Plaintiff and/or any members of the putative class he purports to represent from any source in compensation for their alleged economic and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery under applicable law.

**EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE**

18. Defendants are entitled to a setoff for any amounts Plaintiff and/or any members of the putative class that he purports to represent owe them for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

**NINETEENTH AFFIRMATIVE OR OTHER DEFENSE**

19. To the extent the Complaint seeks any type of penalties, it is unconstitutional in that, among other things, the statutory bases therefor are void for vagueness, it violates the Equal Protection Clause, it violates the Due Process Clause, it is an undue burden on interstate commerce and/or it violates the Excessive Fines Clause of the Eighth Amendment, and the Constitution of the State of California.

**TWENTIETH AFFIRMATIVE OR OTHER DEFENSE**

20. Any recovery on the Complaint with respect to the allegations for failure to pay wages or other compensation is barred because Plaintiff and the putative class members he purports to represent were paid all compensation and benefits to which they were entitled and to which they voluntarily agreed and expected.

**TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

21. Defendants at all material times lacked the requisite willfulness, knowledge and/or intent to do any act or make any statement alleged in the Complaint, and thus, Plaintiff's purported

claims for relief predicated on such willfulness, knowledge and/or intent are barred as a matter of law, individually and on behalf of the putative class members he purports to represent.

**TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

22. Plaintiff's Complaint, and each and every purported claim for relief alleged therein, fail because Plaintiff's wage statements, and those of the putative class members he purports to represent, accurately reflected the wages paid to each such employee in a given pay period.

**TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

23. Plaintiff's Complaint, and each and every purported claim for relief alleged therein, fail because Plaintiff and the putative class members he purports to represent have not suffered any injury due to any alleged inaccuracy or omission with respect to their wage statements.

**TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

24. Plaintiff and the putative class members he purports to represent are not entitled to recover damages because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

**TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

25. Plaintiff and the putative class members he purports to represent have no private right of action under California Business and Professions Code §§ 17200, *et seq.*, because Plaintiff and the putative class members he purports to represent have not suffered injury in fact and have not lost money or property as a result of any alleged unfair competition.

**TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

26. The Complaint fails to state a claim for waiting time penalties under Labor Code § 203 in that, *inter alia,* some of the members of the putative class did not resign or were not discharged prior to the filing of this action.

**TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

27. Plaintiff's Complaint, and each and every purported claim for relief alleged therein, to the extent brought as a putative class action on behalf of the putative class members he purports to represent, fail as a matter of law because the Complaint and Plaintiff fail to make a *prima facie* showing of any certifiable class – and no class can be certified.

**TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

28.    Certification of a class action would be an unconstitutional denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

**TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE**

29.    Plaintiff's Complaint, and each and every purported claim for relief alleged therein, is barred because Defendants were only required to and did substantially comply with the applicable laws.

**THIRTIETH AFFIRMATIVE OR OTHER DEFENSE**

30.    Plaintiff's Complaint is barred, in whole or in part, because Plaintiff and the putative class members he purports to represent were authorized and permitted to take all rest periods as required by applicable law, including without limitation the applicable IWC Wage Order.

**THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

31.    Plaintiff's Complaint is barred, in whole or in part, because, to the extent he and the purported class members he purports to represent did not take any rest periods that they were authorized and permitted to take, Plaintiff and the purported class members he purports to represent voluntarily waived their right to or otherwise elected to forego such breaks for reasons unrelated to Defendants, and are not entitled to compensation under Labor Code § 226.7 or otherwise. *See Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal.4th 1040 (2012).

**THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

32.    Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated, affirmative or other defenses. Defendants reserve the right to assert additional affirmative or other defenses in the event their investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, Defendants hereby pray for judgment in its favor as follows:

1. That no class of any type be certified in any manner by the Court in the action and that no notice of this action be given;

2. That Plaintiff and the putative class members that he purports to represent take nothing by way of their action against Defendants;

3. That Plaintiff's action be dismissed in its entirety with prejudice;

4. That Plaintiff and the putative class members that he purports to represent be denied each and every demand and prayer for relief made in the action;

5. For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

6. For such other and further relief as the Court deems just and proper.

DATED: March 9, 2020

**MCGUIREWOODS LLP**

By: ______________________________
Kerri H. Sakaue, Esq.

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On March 9, 2020, I served the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Shaun Setareh<br>Thomas Segal<br>Farrah Grant<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212 | *Attorney for Plaintiff*<br>*Giovanni Mims* |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 9, 2020, at Los Angeles, CA.

[signature]
Matthew Whitney

Exhibit B

Superior Court of California
County of Alameda

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse
1225 Fallon Street
Oakland, CA 94612

Receipt Nbr: 915257
Clerk: jdownie
Date: 03/09/2020

| Type | Case Number | Description | Amount |
|---|---|---|---|
| Filing | HG20053462 | Initial Appearance | $435.00 |
| Filing | HG20053462 | Complex Fee - Adverse Party | $1000.00 |
| Filing | HG20053462 | Initial Appearance | $435.00 |
| Filing | HG20053462 | Complex Fee - Adverse Party | $1000.00 |
| Filing | HG20053462 | Initial Appearance | $435.00 |
| Filing | HG20053462 | Complex Fee - Adverse Party | $1000.00 |

| | |
|---|---|
| Total Amount Due: | $4,305.00 |
| Prior Payment: | |
| Current Payment: | $4,305.00 |
| Balance Due: | $.00 |
| Overage: | |
| Excess Fee: | |
| Change: | |

Payment Method:

| | |
|---|---|
| Cash: | |
| Check: | $4,305.00 |

Exhibit C

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
Thomas Segal (SBN 222791)
thomas@setarehlaw.com
Farrah Grant (SBN 293898)
farrah@setarehlaw.com
SETAREH LAW GROUP
315 S. Beverly Dr., Suite 315
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
GIOVANNI MIMS

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

GIOVANNI MIMS, on behalf of himself, all others similarly situated, and the general public,

*Plaintiff,*

vs.

AMLI MANAGEMENT COMPANY, an Illinois corporation; AMLI RESIDENTIAL PARTNERS, LLC; a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1 through 50, inclusive,

*Defendants*.

Case No.: HG20053462

**FIRST AMENDED COMPLAINT**

1. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
2. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
3. Failure to Pay Vacation Wages (Lab. Code § 227.3);
4. Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));
5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
6. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);
7. Civil Penalties (Lab. Code § 2698 *et seq.*).

**JURY TRIAL DEMANDED**

Exhibit C

COMES NOW, Plaintiff GIOVANNI MIMS ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against Defendant AMLI MANAGEMENT COMPANY, an Illinois corporation; AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have

(1) failed to provide Plaintiff and other aggrieved employees with rest periods;

(2) failed to pay them premium wages for missed rest periods;

(3) failed to pay them premium wages for missed rest periods at the regular rate of pay;

(4) failed to pay them at least minimum wage for all hours worked;

(5) failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(6) failed to pay them for all vested vacation pay;

(7) failed to provide them with accurate written wage statements; and

(8) failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTON AND VENUE

2. This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3. Venue is proper in the County of Alameda pursuant to Code of Civil Procedure

sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

**PARTIES**

4. Plaintiff GIOVANNI MIMS is, and at all relevant times mentioned herein, an individual residing in the State of California.

5. Plaintiff is informed and believes, and thereupon alleges that Defendant AMLI MANAGEMENT COMPY is, and at all relevant times mentioned herein, an Illinois corporation doing business in the State of California.

6. Plaintiff is informed and believes, and thereupon alleges that Defendant AMLI RESIDENTIAL PARTNERS, LLC, is and at all relevant times mentioned herein, a Delaware Limited Liability Company doing business in the State of California

7. Plaintiff is informed and believes, and thereupon alleges that Defendant AMLI RESIDENTIAL PROPERTIES, L.P., is and at all relevant times mentioned herein, a Delaware Limited Partnership doing business in the State of California.

8. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

9. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

10.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and conspired with one another, and aided and abetted one another to accomplish the occurrences, acts and omissions alleged herein.

## CLASS ALLEGATIONS

11.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12.     **Relevant Time Period**:  The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Vacation Pay Class**:  All persons employed by Defendants in California who earned paid vacation days, including but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**.

13.     **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

14.     **Numerosity**:  The class members are so numerous that the individual joinder of each individual class member is impractical.  While Plaintiff does not currently know the exact number

of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number exceeds the minimum required for numerosity under California law.

15. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

A. Whether Defendants maintained a policy or practice of failing to provide aggrieved employees with their rest periods;

B. Whether Defendants failed to pay premium wages to class members when they have not been provided with required rest periods;

C. Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

D. Whether Defendants failed to pay premium wages to aggrieved employees based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

E. Whether Defendants failed to provide proportionate accruals for vested vacation time for aggrieved employees as required by California law;

F. Whether Defendants subjected the vacation time and/or floating holidays they offer to class members to forfeiture;

G. Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

H. Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

I. Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

J.      Whether aggrieved employees are entitled to restitution of money or property

that Defendants may have acquired from them through unfair competition;

16.     **Typicality:**  Plaintiff's claims are typical of the other class members' claims.

Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

failing to comply with the Labor Code and Business and Professions Code as alleged in this

Complaint.

17.     **Adequacy of Class Representative:**  Plaintiff is an adequate class representative in

that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

members and is dedicated to vigorously prosecuting this action on their behalf.  Plaintiff will fairly

and adequately represent and protect the interests of the other class members.

18.     **Adequacy of Class Counsel:**  Plaintiff's counsel are adequate class counsel in that

they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

behalf of Plaintiff and absent class members.

19.     **Superiority:**  A class action is vastly superior to other available means for fair and

efficient adjudication of the class members' claims and would be beneficial to the parties and the

Court.  Class action treatment will allow a number of similarly situated persons to simultaneously

and efficiently prosecute their common claims in a single forum without the unnecessary

duplication of effort and expense that numerous individual actions would entail.  In addition, the

monetary amounts due to many individual class members are likely to be relatively small and would

thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

Moreover, a class action will serve an important public interest by permitting class members to

effectively pursue the recovery of monies owed to them.  Further, a class action will prevent the

potential for inconsistent or contradictory judgments inherent in individual litigation.

## GENERAL ALLEGATIONS

20.     Plaintiff worked for Defendants as a non-exempt, hourly employee from

approximately April 2018 through July 2019.

21.     All allegations are outlined in the attached PAGA letter as EXHIBIT A and are

incorporated by reference herein.

**Missed Rest Periods**

22. Plaintiff and the aggrieved employees were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) understaffing each work shift with not enough workers; (3) Defendant's policies which required that employees work through the entirety of their shifts outside of their hour long meal periods (4) employees being overwhelmed with so much work by Defendants that even if employees wanted to take rest periods, that they were unable to do so out of fear of adverse actions and (5) Defendants placing immense pressure on employees to complete all of their assigned tasks within the timeframe of their scheduled shifts with threats of adverse employment actions should they fail to do so.

23. As a result of Defendants' policy, Plaintiff and the aggrieved employees were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

**Vacation Pay**

24. Plaintiff and the aggrieved employees accrued vacation wages during their employment with Defendants.

25. Under California law, vacation wages are considered a form of wages under Labor Code section 200. Vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

26. At all relevant times, Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, (1982) 31 Cal. 3d 774.

27. Plaintiff and the aggrieved employees are entitled to vacation accrued during their employment with Defendants. Upon termination, Plaintiff and the putative class were not paid out

all accrued vacation pay.

**Regular Rate of Pay**

28. The regular rate of pay under California law includes all remuneration for employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to, commissions, non-discretionary bonuses, and rest break premium wages.

29. During the applicable limitations period, Defendants violated the rights of Plaintiff and the aggrieved employees under the above-referenced Labor Code sections by failing to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and rest break premium wages.

**Wage Statements**

1. Plaintiff and the aggrieved employees were not provided with accurate wage statements as mandated by law pursuant to Labor Code section 226.

2. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected in that: all hours worked, including overtime and rest break premiums, were not included.

3. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that: all hours worked, including overtime and rest break premiums, were not included.

4. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that: all hours worked, including overtime and rest break premiums, were not included.

5. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime and rest break premiums, were not included.

///

///

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

6. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

7. At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

8. Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

9. Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

10. Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

11. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

12. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

13. At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

14. Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

15. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

16. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

17. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

18. At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

19. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

20. Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

21. Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

22. Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

23. Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

24. Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

25. Labor Code section 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

26. Labor Code section 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

27. Labor Code section 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

28. Labor Code section 510 and Section 3 of the applicable Wage Order require employees to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

29. Labor Code section 510 and Section 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

30. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to he and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

31. At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours and rest period premiums at statutory and/or agreed rates.

32. At all relevant times, Defendants paid Plaintiff failed to pay premium wages based on a rate of compensation that did not reflect, among other things, rest break premiums, as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants should have paid Plaintiff and the putative class premium wages in lieu of rest periods.

33. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay **Hourly Employee Class** members premium wages based on rates of compensation that reflect rest break premiums as required by Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when Defendants failed to pay them premium wages in lieu of rest periods.

34. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

**<u>THIRD CAUSE OF ACTION</u>**

**FAILURE TO PAY VACATION WAGES**

**(Lab. Code § 227.3)**

**(Plaintiff and Vacation Pay Class)**

35. Plaintiffs incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

36. California Labor Code section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy

> shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

37. At all relevant times during the applicable limitations period, Plaintiffs and members of the **Vacation Pay Class** accrued vacation time during their employment with Defendants.

38. As a result of their reimbursement policies and practices, Plaintiffs are informed and believes and thereon alleges that Defendants failed to reimburse him and **Vacation Pay Class** members for all accrued vacation wages.

39. By reason of the above, Plaintiffs and the members of the **Vacation Pay Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

40. Plaintiffs, on behalf of themselves and the members of the **Vacation Pay Class**, seeks interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

41. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

42. Labor Code section 226(a) states:

> "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security

number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

43. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

44. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

45. Plaintiff is informed and believes that Defendants' failure to provide he and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

46. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages

owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

47. Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY ALL FINAL WAGES**

**(Lab. Code §§ 201-203)**

**(Plaintiff and Waiting Time Penalties Sub-Class)**

48. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

49. At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

50. At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

51. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

52. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

53. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

54. Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

55. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

56. Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to he and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

57. Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

58. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

59. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

60. Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

61. Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code

of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

62. Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

63. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

64. Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST and SECOND causes of action herein.

65. Plaintiff lost money or property as a result of the aforementioned unfair competition.

66. Defendants have or may have acquired money by means of unfair competition.

67. Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, and 1199, which make it a misdemeanor to commit the Labor Code violations alleged herein.

68. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide employees with duty free uninterrupted 10-15 minute rest periods every four hours work, pay them all accrued vacation wages upon separation, and provide accurate written wage statements.

69. At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

70. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et seq*. Business and Professions Code sections 17200 *et seq*. protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on

Exhibit C

behalf of similarly situated persons in a class action proceeding.

71. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

72. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

73. Due to the unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

74. California's Unfair Competition Law ("UCL") permits civil recovery and injunctive for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates or is considered unlawful under any other state or federal law.

75. Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs request the issuance of temporary, preliminary and permanent injunctive relief enjoining Defendants, and each of them, and their agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an order permanently enjoining Defendants, and each of them, and their respective agents and employees, from further violations of the Labor Code and applicable Industrial Welfare Commission Wage Orders.

76. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

77. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

78. Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

79. Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

**SEVENTH CAUSE OF ACTION**

**CIVIL PENALTIES**

**(Lab. Code §§ 2698, *et seq.*)**

80. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

81. During the applicable limitations period, Defendants have violated Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198.

82. Labor Code sections 2699(a) and (g) authorize an aggrieved employee, of behalf of himself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures specified in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

83. Plaintiff, as a former employee against whom Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

84. Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

85. Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1194, 1197, and 1198:

A. For violations of Labor Code sections 201, 202, 203, 212, 226.7, 1194, and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation

Exhibit C

(penalties set by Labor Code section 2699(f)(2));

B.     For violations of Labor Code section 203, a penalty in an amount not exceeding 30 days pay as waiting time (penalties set by Labor Code section 256).

C.     For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

D.     For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.     For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation. Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.     For violations of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee

Exhibit C

Exhibit C

was underpaid (penalties set by Labor Code section 558); and

G. For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1).

86. Pursuant to Labor Code section 2699(g), Plaintiff seeks awards of reasonable costs and attorneys' fees in connection with his claims for civil penalties.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1) An order that the action be certified as a class action;

(2) An order that Plaintiff be appointed class representative;

(3) An order that counsel for Plaintiff be appointed class counsel;

(4) Unpaid wages;

(5) Actual damages;

(6) Liquidated damages;

(7) Restitution;

(8) Declaratory relief;

(9) Pre-judgment interest;

(10) Statutory penalties;

(11) Costs of suit;

(12) Reasonable attorneys' fees;

(13) Civil penalties; and

(14) Such other relief as the Court deems just and proper.

///

///

**DEMAND FOR JURY TRIAL**

Exhibit C

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Dated: May 13, 2020

SETAREH LAW GROUP

*/s/ Farrah Grant*

SHAUN SETAREH
THOMAS SEGAL
FARRAH GRANT
Attorneys for Plaintiff
GIOVANNI MIMS

Exhibit C

# EXHIBIT A

Exhibit C

Exhibit C

315 SOUTH BEVERLY DRIVE
SUITE 315
BEVERLY HILLS, CA 90212
TEL: (310) 888-7771
FAX: (310) 888-0109

WWW.SETAREHLAW.COM

February 4, 2020

**BY ONLINE SUBMISSION**

PAGA Administrator
California Labor and Workforce Development Agency
1515 Clay Street, Suite 801
Oakland, California 94612

**BY CERTIFIED MAIL**

AMLI Management Company
c/o C T Corporation System
208 South Lasalle Street, Suite 814
Chicago, IL 60604

**BY CERTIFIED MAIL**

AMLI Residential Partners, LLC
c/o C T Corporation System
28 Liberty Street
New York, NY 10005

**BY CERTIFIED MAIL**

AMLI Residential Properties, L.P.
c/o C T Corporation System
28 Liberty Street
New York, NY 10005

*Re:* *Mims v. AMLI Residential Partners, LLC, et al.*

To Whom It May Concern:

Pursuant to the Labor Code Private Attorneys General Act of 2004 (Lab. Code §§ 2698, *et seq.*), Giovanni Mims ("Mims") hereby provides notice on behalf of himself and on behalf of all similarly situated current and former employees in California (the "aggrieved employees") who were employed by AMLI Residential Partners, LLC, AMLI Residential Properties, L.P., AMLI Management Company, and/or any staffing agencies and/or any other third parties (collectively referred to as "Defendants") who worked in hourly, non-exempt positions for alleged violations of Labor Code sections 201, 202, 203, 223, 226, 226.7, 227.3, 256, 558, 1197, 1197.1, 1198, and 1199.

Giovanni Mims is an individual who was employed by Defendants in an hourly, non-exempt position as a Leasing Consultant from approximately April 2018 through July 16, 2019. At all relevant times, Defendants employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Mims and aggrieved employees are "employees" within the meaning of Section 2 of the

applicable Industrial Welfare Commission Wage Order (the "Wage Order") and "aggrieved employees" within the meaning of Labor Code section 2699(c). At all relevant times, Mims and aggrieved employees have been non-exempt employees entitled to the full protections of both the Labor Code and the Wage Order.

As set forth below, Defendants failed to comply with the Labor Code sections as described herein below. Accordingly, Mims now seeks civil penalties for Defendants' alleged violations of the Labor Code.

**FAILURE TO PROVIDE REST PERIODS**
**(Lab. Code §§ 204, 223, 226.7 and 1198)**

Labor Code section 204 provides that all wages (except as provided for under Labor Code sections 201 and 202) earned by any person in any employment become due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays, except that wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

Labor Code section 223 states:

> Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

Section 2 of the applicable Wage Order states:

> "'Hours worked' means the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

Labor Code section 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Section 12 of the applicable Wage Order states:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than

three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provision of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

In addition, Labor Code section 226.7 states:

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

Defendants' written policies failed to advise Mims and the aggrieved employees of their legal right to take rest period in accordance with California law. Specifically, Defendants have a policy of requiring Mims and the aggrieved employees to stay on premises and work through rest periods. Mims and the aggrieved employees are granted one hour to take their meal periods in the middle of their shifts. Outside of this hour meal period, Defendants do not allow Mims and the aggrieved employees to take any duty-free uninterrupted rest periods during their shifts. At no point during Mims' employment with Defendants did he and the aggrieved employees ever receive a rest break.

Accordingly, Mims and the aggrieved employees were not provided with legally mandated rest periods of at least ten minutes for every four hours worked or major fraction thereof.

As a result of these policies and practices, Defendants failed to provide Mims and the aggrieved employees with net rest periods of at least ten minutes for each four hour work period, or major fraction thereof, and have failed to pay them premium wages at their regular rates of pay on workdays they failed to provide them with required rest periods. Defendants' policies and practices lack adequate safeguards to ensure that employees are relieved of their duties for all required rest periods and are paid additional wages when rest periods are not provided.

Accordingly, Mims now seeks civil penalties for these Labor Code violations that Defendants have committed against him and aggrieved employees as follows:

(1) For all initial violation of Labor Code section 204, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 210);

(2) For all subsequent violation of Labor Code section 204, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 210);

(3) For all initial violations of Labor Code section 223, that are deemed to be neither willful nor intentional, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 225.5);

(4) For all initial violation of Labor Code section 223 that are deemed to be either willful or intentional, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 225.5);

(5) For all subsequent violations of Labor Code section 223, regardless of whether he initial violation of Labor Code section 223 is deemed to be either willful or intentional, $200 for each aggrieved employee, plus 25% of the amount unlawfully withheld from each aggrieved employee, per pay period for each violation (penalties set by Labor Code section 225.5);

(6) For all initial violations of Labor Code sections 226.7 and 1198, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2));

(7) For all subsequent violations of Labor Code sections 226.7 and 1198, $200 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2)).

**FAILURE TO PAY VACATION WAGES**
**(Lab. Code §§ 200, 227.3)**

Vacation pay is considered a form of wages under Labor Code section 200. Pursuant to the California Supreme Court's decision in *Suastez v. Plastic Dress Up Co.*, 31 Cal. 3d 774 (1982) and Labor Code section 227.3, vested vacation pay and other similar forms of paid time off earned based on labor performed are considered wages that cannot be subject to forfeiture without compensation for forfeited days at the applicable rates required by law.

Labor Code section 227.3 states, in relevant part:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time shall apply the principles of equity and fairness.

At all relevant times during the applicable limitations period, Defendants maintained a policy or practice that provide for the unlawful forfeiture of vested vacation pay in violation of *Suastez* and Labor Code section 227.3. Specifically, Mims and the aggrieved employees were not provided with any accrued vacation pay at the time of their separation with the company.

Accordingly, Mims now seeks civil penalties for these Labor Code violations that Defendants committed against him and aggrieved employees as follows:

(1) For all initial violations of Labor Code section 227.3, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2));

(2) For all subsequent violations of Labor Code section 227.3, $200 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2)).

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**
**(Lab. Code § 226)**

Labor Code section 226(a) states, in pertinent part:

> (a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or him employee either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a

> farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

At all relevant time during the applicable limitations period, Defendants failed to provide accurate itemized wage statements that shows:

(1) gross wages earned;

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5) net wages earned;

(6) the inclusive dates of the period for which the employee is paid;

(7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number;

(8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer;

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3,

the rate of pay and the total hours worked for each temporary services assignment.

By failing to accurately record all hours worked, by failing to pay employees rest period premiums in accordance with California law, and by subjecting vested vacation pay to unlawful forfeiture, Defendants have failed to provide Mims and the aggrieved employees with written wage statements that comply with the requirements of Labor Code section 226(a). The wage statements of Mims and the aggrieved employees have not accurately reflected their applicable rates of pay, hours worked, and the amounts of their gross and net wages.

Accordingly, Mims now seeks civil penalties for Defendants' violations of the Labor Code as follows:

(1) For all violations of Labor Code section 226(a) if a civil action filed in accordance with the procedures set forth in Labor Code section 2699.3 results in an initial citation or its equivalent, $250 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 226.3);

(2) For all violations of Labor Code section 226(a) if a civil action filed in accordance with the procedures set forth in Labor Code section 2699.3 results in a subsequent citation or its equivalent, $1000 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 226.3).

**LATE OR PARTIAL PAYMENT OF FINALWAGES FOLLOWING SEPARATION**
**(Lab. Code §§ 201, 202 and 203)**

Labor Code section 201 requires an employer to pay all earned and unpaid wages to a discharged employee immediately at the time of discharge.

Labor Code section 202 requires an employer to pay all earned and unpaid wages to an employee who quits after giving at least seventy-two hours notice at the time of quitting.

Labor Code section 202 requires an employer to pay all earned and unpaid wages to an employee who quits after giving less than seventy-two hours noticed within seventy-two hours of giving notice of quitting.

Labor Code section 203 provides that an employee's wages shall continue as a penalty from when they first became due at the same rate until paid for up to thirty days when an employer willfully fails to timely pay all earned and unpaid wages in accordance with Labor Code sections 201 or 202.

By failing to timely furnish Mims and the aggrieved employees with any final paycheck and/or with final paychecks that include all earned and unpaid wages, including, but not limited to, all earned and unpaid hourly, overtime, vacation and/or premium wages, Defendants have violated Labor Code sections 201 and/or 202.

Accordingly, Mims now seeks civil penalties for Defendants' violations of the Labor Code as follows:

(1) For all initial violations of Labor Code sections 201, 202 and 203, $100 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2));

(2) For all subsequent violations of Labor Code sections 201, 202 and 203, $200 for each aggrieved employee per pay period for each violation (penalties set by Labor Code section 2699(f)(2)).

**VIOLATIONS OF LABOR CODE SECTION 256**

Mims is an individual who was employed by Defendants in a non-exempt, hourly position within the past year. At all relevant times, Defendants employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Pursuant to Labor Code section 256, the Labor Commissioner shall impose a civil penalty in an amount not exceeding thirty days pay as waiting time under the terms of Section 203. Defendants willfully failed to timely furnish Mims and aggrieved employees with any final paycheck timely and/or with final paychecks that include all earned and unpaid wages, including, but not limited to, all earned and unpaid hourly, overtime, vacation, and/or premium wages.

Accordingly, Mims now seeks to recover the wages and penalties provided in Labor Code section 256 on behalf of himself and the aggrieved employees.

**VIOLATIONS OF LABOR CODE SCTION 558**

Mims is an individual who was employed by Defendants in a non-exempt, hourly position within the past year. At all relevant times, Defendants employed persons, conducted business in, and engaged in illegal labor and payroll practices and policies in California.

Pursuant to Labor Code section 558, any person acting on behalf of an employer who violates or causes to be violated a provision of the Labor Code regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to civil penalties and be ordered to pay all unpaid wages. Defendants failed to provide Mims and the aggrieved employees rest periods, minimum and overtime wages, and other Labor Code violations.

Accordingly, Mims now seeks to recover the wages and penalties provided in Labor Code section 558 on behalf of himself and the aggrieved employees.

**VIOLATIONS OF LABOR CODE SECTION 1199**

Labor Code section 1199 states:

> Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both, who does any of the following:
>
> (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission.
>
> (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.
>
> (c) Violates or refuses or neglects to comply with any provision of this chapter or any order or ruling of the commission.

By failing to timely furnish Mims and aggrieved employees with unpaid wages, including, but not limited to, all earned and unpaid hourly, overtime, vacation and/or premium wages at the regular rate of pay, Defendants criminal conduct has violated Labor Code section 1199.

Accordingly, for all violations of Labor Code section 1199, Defendants are liable for a misdemeanor and are punishable by a fine of $100 or by imprisonment for not less than thirty days or by both.

**VIOLATIONS OF LABOR CODE SECTIONS 221-223**

Labor Code § 221 states:

> It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

Labor Code § 222 states:

> It shall be unlawful, in case of any wage agreement arrived at through collective bargaining, either willfully or unlawfully or with intent to defraud an employee, a competitor, or any other person, to withhold from said employee any part of the wage agreed upon.

Labor Code § 223 states:

> Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

By subjecting vacation wages to unlawful forfeiture, Defendants violated Labor Code §§ 221-223.

> 1) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows:
>
> (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

**CONCLUSION**

As noted above, this letter constitutes the required notice under the Private Attorneys General Act of 2004 (Lab. Code §§ 2698 *et seq*.). Insofar as this letter is directed to Defendants, please be advised that Mims will seek both reasonable attorneys' fees and costs under Labor Code section 2699(g)(1) in a civil action should the Labor and Workforce Development Agency decline to pursue this matter.

Very truly yours,

SETAREH LAW GROUP

Shaun Setareh, Esq.

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 315 South Beverly Dr., Suite 315 Beverly Hills, CA 90212.

On May 13, 2020, I served the foregoing documents described as:

**FIRST AMENDED COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Kerri H. Sakaue
ksakaue@mcguirewoods.com
Michael Phillips
mphillips@mcguirewoods.com
Matthew Whitney
mwhitney@mcguirewoods.com
David Boyd
dboyd@mcguirewoods.com
MCGUIRE WOODS LLP
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
**Counsel for defendant AMLI MANAGEMENT COMPANY, AMLI RESIDENTIAL PARTNERS, LLC, and AMLI RESIDENTIAL PROPERTIES, L.P.**

**[X] ONLY BY ELECTRONIC TRANSMISSION**

Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on May 13, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

**[X] STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 13, 2020, at Beverly Hills, California.

Lauren Farrington

**McGuireWoods LLP**
Kerri H. Sakaue (SBN 301043)
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
Tel: (310) 315-8200
Fax: (310) 315-8210

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

**UNLIMITED JURISDICTION**

GIOVANNI MIMS, on behalf of himself, all others similarly situated,

Plaintiff,

vs.

AMLI MANAGEMENT COMPANY, an Illinois Corporation: AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1-50, inclusive,

Defendants.

CASE NO. HG20053462

[Assigned for all purposes to Hon. Brad Seligman, Dept. 23]

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**

**1. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);**
**2. Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);**
**3. Failure to Pay Vacation Wages (Lab. Code § 227.3);**
**4. Failure to Provide Accurate Written Statements (Lab. Code §§ 226(a));**
**5. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);**
**6. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.);***
**7. Civil Penalties (Lab. Code § 2698 *et seq.*).**

Complaint filed: February 5, 2020

Defendants AMLI MANAGEMENT COMPANY ("AMLI Management"), AMLI RESIDENTIAL PARTNERS, LLC ("AMLI Partners"), and AMLI RESIDENTIAL PROPERTIES, L.P. ("AMLI Properties") (collectively, "Defendants") hereby answer the unverified First Amended Complaint (the "Amended Complaint") of Plaintiff GIOVANNI MIMS ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, manner and purported cause of action contained in the Amended Complaint, and the whole thereof. Without limiting the generality of the foregoing, Defendants deny, generally and specifically, that they, or any of them, engaged in any wrongful act or omission with respect to Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent, or that Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent have been damaged in the manner and sums alleged, or in any way at all, as the result of any alleged wrongful act or omission on the part of Defendants, or any of them.

**AFFIRMATIVE OR OTHER DEFENSES**

In further answer to the Amended Complaint, as separate and distinct affirmative defenses, and without assuming the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove, Defendants allege that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

**FIRST AFFIRMATIVE OR OTHER DEFENSE**

1. The Amended Complaint and each and every purported cause of action alleged therein fails to state any claim upon which relief can be granted.

**SECOND AFFIRMATIVE OR OTHER DEFENSE**

2. The Amended Complaint and each and every purported cause of action alleged therein is barred in whole or in part by all applicable statutes of limitations.

**THIRD AFFIRMATIVE OR OTHER DEFENSE**

3. The Amended Complaint and each and every purported cause of action alleged therein is vague, uncertain and unambiguous.

**FOURTH AFFIRMATIVE OR OTHER DEFENSE**

4. Defendants have taken no action and made no omission that violated or sought to violate any statutory or constitutional right relating to Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent.

**FIFTH AFFIRMATIVE OR OTHER DEFENSE**

5. Plaintiff and the putative class members and/or "aggrieved employees" that he purports to represent have suffered no damages as a result of any alleged act or omission of Defendants.

**SIXTH AFFIRMATIVE OR OTHER DEFENSE**

6. Although Defendants generally and specifically deny that they owe any amount to Plaintiff and the putative class members and/or "aggrieved employees" that he purports to represent, if it should be determined that any amounts are owed, Defendants allege that at all times herein reasonable, good faith disputes existed as to whether any such amounts were owed.

**SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

7. Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded to them should be reduced accordingly.

**EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

8. If Plaintiff and any of the putative class members and/or "aggrieved employees" he purports to represent suffered any harm and/or damages (which is expressly denied), said harm and/or damages were proximately caused by their own acts.

**NINTH AFFIRMATIVE OR OTHER DEFENSE**

9. Plaintiff's claims and those of the putative class members and/or "aggrieved employees" he purports to represent are barred, in whole or in part, because they lack standing, including, without limitation, that they have not suffered any injury in fact and have not lost money or property.

Exhibit D

**TENTH AFFIRMATIVE OR OTHER DEFENSE**

10. Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent intentionally or negligently relinquished and waived any rights they may have had to institute an action for the alleged wrongdoings asserted in the Amended Complaint in that they were a major contributing factor to the alleged losses of which they now complain and, by virtue thereof, have waived and/or are estopped from asserting any claims based on the consequences that flow from Defendants' alleged wrongdoing.

**ELEVENTH AFFIRMATIVE OR OTHER DEFENSE**

11. The Amended Complaint and each and every claim alleged therein are barred in whole or in part by the doctrines of release, waiver, estoppel, ratification, acquiescence, consent and/or agreement based on acceptance of wages paid to Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent throughout their employment without protest and their acceptance of final payment of wages to them, without protest, and their agreement that no other wages were owed at the time of termination.

**TWELFTH AFFIRMATIVE OR OTHER DEFENSE**

12. The Amended Complaint is barred based on one or more accords and satisfactions.

**THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE**

13. Plaintiff and the putative class members and/or "aggrieved employees" that he purports to represent are guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants. The laches and unreasonable delay were without good cause and substantially prejudiced Defendants because Plaintiff and the putative class members and/or "aggrieved employees" that he purports to represent failed to demand back pay and penalties from the time of the alleged acts to the present and their laches and unreasonable delay have multiplied the amount of their claim. In addition, certain types of evidence in defense against the allegations contained in the Amended Complaint may have become difficult or impossible to obtain.

**FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE**

14. The Amended Complaint and each purported cause of action alleged therein fails to

state a claim for attorneys' fees against Defendants.

**FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

15. Plaintiff's Amended Complaint and each and every purported cause of action alleged therein are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel as to Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent, or some of them.

**SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE**

16. Plaintiff's Amended Complaint and each and every purported claim alleged therein are barred in whole or in part by one or more settlement agreements and/or releases as to Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent, or some of them.

**SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE**

17. Defendants are entitled to an offset for any monies received by Plaintiff and any putative class members and/or "aggrieved employees" he purports to represent from any source in compensation for their alleged economic and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery under applicable law.

**EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE**

18. Defendants are entitled to a setoff for any amounts Plaintiff and any putative class members and/or "aggrieved employees" that he purports to represent owe them for receipt of any wages and other benefits to which they were not entitled and/or did not earn.

**NINETEENTH AFFIRMATIVE OR OTHER DEFENSE**

19. To the extent the Amended Complaint seeks any type of penalties, it is unconstitutional in that, among other things, the statutory bases therefor are void for vagueness, it violates the Equal Protection Clause, it violates the Due Process Clause, it is an undue burden on interstate commerce and/or it violates the Excessive Fines Clause of the Eighth Amendment, and the Constitution of the State of California.

**TWENTIETH AFFIRMATIVE OR OTHER DEFENSE**

20. Any recovery on the Amended Complaint with respect to the allegations for failure

Exhibit D

to pay wages or other compensation is barred because Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent were paid all compensation and benefits to which they were entitled and to which they voluntarily agreed and expected.

**TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

21. Defendants at all material times lacked the requisite willfulness, knowledge and/or intent to do any act or make any statement alleged in the Amended Complaint, and thus, Plaintiff's purported claims for relief predicated on such willfulness, knowledge and/or intent are barred as a matter of law, individually and on behalf of the putative class members and/or "aggrieved employees" he purports to represent.

**TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

22. Plaintiff's Amended Complaint, and each and every purported claim for relief alleged therein, fail because Plaintiff's wage statements, and those of the putative class members and/or "aggrieved employees" he purports to represent, accurately reflected the wages paid to each such employee in a given pay period.

**TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

23. Plaintiff's Amended Complaint, and each and every purported claim for relief alleged therein, fail because Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent have not suffered any injury due to any alleged inaccuracy or omission with respect to their wage statements.

**TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

24. Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent are not entitled to recover damages because Defendants' alleged failure to comply with California Labor Code § 226(a) was not a "knowing and intentional failure" under California Labor Code § 226(e).

**TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

25. Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent have no private right of action under California Business and Professions Code §§ 17200, *et seq.*, because Plaintiff and the putative class members and/or "aggrieved employees" he

purports to represent have not suffered injury in fact and have not lost money or property as a result of any alleged unfair competition.

**TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

26. The Amended Complaint fails to state a claim for waiting time penalties under Labor Code § 203 in that, *inter alia,* some putative class members and/or "aggrieved employees" whom Plaintiff purports to represent did not resign or were not discharged prior to the filing of this action.

**TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

27. Plaintiff's Amended Complaint, and each and every purported claim for relief alleged therein, to the extent brought as a putative class action on behalf of putative class members and/or as a representative action on behalf of "aggrieved employees," fail as a matter of law because the Amended Complaint and Plaintiff fail to make a *prima facie* showing of any certifiable or representative class – and no class or representative action can be certified.

**TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

28. Certification of a class action and/or a representative action would be an unconstitutional denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

**TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE**

29. Plaintiff's Amended Complaint, and each and every purported claim for relief alleged therein, is barred because Defendants were only required to and did substantially comply with the applicable laws.

**THIRTIETH AFFIRMATIVE OR OTHER DEFENSE**

30. Plaintiff's Amended Complaint is barred, in whole or in part, because Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent were authorized and permitted to take all rest periods as required by applicable law, including without limitation the applicable IWC Wage Order.

**THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

31. Plaintiff's Amended Complaint is barred, in whole or in part, because, to the extent

he and the putative class members and/or "aggrieved employees" he purports to represent did not take any rest periods that they were authorized and permitted to take, Plaintiff and the putative class members and/or "aggrieved employees" he purports to represent voluntarily waived their right to or otherwise elected to forego such breaks for reasons unrelated to Defendants, and are not entitled to compensation under Labor Code § 226.7 or otherwise. *See Brinker Restaurant Corp. v. Super. Ct.*, 53 Cal.4th 1040 (2012).

**THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

32. Plaintiff's claims for penalties under PAGA on behalf of himself or any other person are barred, in whole or in part, to the extent that he did not timely or properly comply with the administrative notification requirements and/or to the extent the California Labor and Workforce Development Agency conducts an investigation into, and issues citations regarding, the purported violations alleged.

**THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

33. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated, affirmative or other defenses. Defendants reserve the right to assert additional affirmative or other defenses in the event their investigation or discovery indicates that additional affirmative or other defenses are appropriate.

WHEREFORE, Defendants hereby pray for judgment in its favor as follows:

1. That no class or representative action of any type be certified in any manner by the Court in the action and that no notice of this action be given;

2. That Plaintiff and the putative class members and/or "aggrieved employees" that he purports to represent take nothing by way of their action against Defendants;

3. That Plaintiff's action be dismissed in its entirety with prejudice;

4. That Plaintiff and the putative class members and/or "aggrieved employees" that he purports to represent be denied each and every demand and prayer for relief made in the action;

5. For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

Exhibit D

6. For such other and further relief as the Court deems just and proper.

DATED: June 10, 2020

**McGuireWoods LLP**

By: ______________________________
Kerri H. Sakaue, Esq.

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

Exhibit D

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On June 10, 2020, I served the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Shaun Setareh
Thomas Segal
Farrah Grant
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212

*Attorney for Plaintiff Giovanni Mims*

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 10, 2020, at Los Angeles, CA.

Matthew Whitney

22210102 Exhibit E

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Shaun Setareh (SBN #204514)
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 711
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 888-7771 FAX NO.: (310) 888-0109
ATTORNEY FOR *(Name)*: GIOVANNI MIMS

*FOR COURT USE ONLY*

FILED
ALAMEDA COUNTY
FEB 05 2020
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:
MIMS v. AMLI MANAGEMENT COMPANY, et al.

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $25,000)
☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ **Counter** ☐ **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: HG20053462
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: Six(6)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 4, 2020
Shaun Setareh
(TYPE OR PRINT NAME)
[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit E

Exhibit E

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

Exhibit E

Exhibit E

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
ALAMEDA COUNTY
FEB 05 2020
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
AMLI MANAGEMENT COMPANY, an Illinois corporation; AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Comp

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
GIOVANNI MIMS, on behalf of himself, all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
René C. Davidson Courthouse
1225 Fallon Street, Oakland, California 94612

CASE NUMBER:
*(Número del Caso):*
HG20053462

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 315 South Beverly Drive, Ste 315, Beverly Hills, CA 90212 (310)888-7771

DATE: *(Fecha)* FEB 05 2020 Chad Finke Clerk, by *(Secretario)* [signature], Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit E

Exhibit E

SUM-200(A)

| SHORT TITLE: MIMS v. AMLI MANAGEMENT COMPANY, et al. | CASE NUMBER: |
| --- | --- |

**INSTRUCTIONS FOR USE**

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

any; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1 through 50, inclusive,

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit E

Exhibit E
22685849
POS-010

ORIGINAL

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Shaun Setareh (SBN 204514)<br>Law Office of Shaun Setareh<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY<br><br>FILED<br>ALAMEDA COUNTY<br>FEB 18 2020<br>CLERK OF THE SUPERIOR COURT<br>By [signature]<br>Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>Superior Court of California, Alameda County<br>1225 Fallon Street, #109<br>Oakland, CA 94612-4293 | |
| PLAINTIFF/PETITIONER: Giovanni Mims, on behalf of himself., et al<br>DEFENDANT/RESPONDENT: Amli Management Company, an Illinois corporation. | CASE NUMBER:<br>HG20053462 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons, Instructions for use, Complaint, Civil Case Cover Sheet, Instructions on how to complete the Cover Sheet.

3. a. Party served: AMLI MANAGEMENT COMPANY, an Illinois corporation

   b. Person Served: Martello Gillespie, Intake Specialist-CT Corporation System - Person Authorized to Accept
4. Address where the party was served: 208 S LaSalle St
   Chicago, IL 60604
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 02/10/2020 (2) at (time): 11:49AM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

AMLI MANAGEMENT COMPANY, an Illinois corporation
under: CCP 416.10 (corporation)

By Fax

7. **Person who served papers**
   a. Name: Robert D Fairbanks
   b. Address: One Legal - 194-Marin
   1400 North McDowell Blvd, Ste 300
   Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
   (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Date: 02/13/2020

Robert D Fairbanks
(NAME OF PERSON WHO SERVED PAPERS)

[signature]
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 14384209

Exhibit E

22680741

Exhibit E

POS-010

ORIGINAL

BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Shaun Setareh (SBN 204514) Law Office of Shaun Setareh 315 South Beverly Drive, Suite 315 Beverly Hills, CA 90212 TELEPHONE NO.: (310) 888-7771 ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY FILED ALAMEDA COUNTY FEB 18 2020 CLERK OF THE SUPERIOR COURT By [signature] Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Superior Court of California, Alameda County 1225 Fallon Street, #109 Oakland, CA 94612-4293 | |
| PLAINTIFF/PETITIONER: Glovanni Mims, on behalf of himself., et al DEFENDANT/RESPONDENT: Amli Management Company, an Illinois corporation, et al | CASE NUMBER: HG20053462 |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons, Instructions for use, Complaint, Civil Case Cover Sheet, Instructions on how to complete the Cover Sheet.
3. a. Party served: AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company

   b. Person Served: Jian Carlos, Process Specialist-CT Corporation System - Person Authorized to Accept
4. Address where the party was served: 28 Liberty Street New York New York, NY 10005
5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 02/07/2020 (2) at (time): 12:15PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company under: Other: Limited Liability Company
7. Person who served papers
   a. Name: Joshua Lee
   b. Address: One Legal - 194-Marin 1400 North McDowell Blvd, Ste 300 Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 02/13/2020

Joshua Lee
(NAME OF PERSON WHO SERVED PAPERS)

[signature]
(SIGNATURE)

Form Adopted for Mandatory Use Judicial Council of California POS-010 [Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

OL# 14384210

Exhibit E

22208608

Exhibit E

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shaun Setareh (SBN 204514)
Law Office of Shaun Setareh
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 888-7771
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

FILED
ALAMEDA COUNTY
FEB 14 2020
CLERK OF THE SUPERIOR COURT
By Debra Trutsche
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Alameda County
1225 Fallon Street, #109
Oakland, CA 94612-4293

PLAINTIFF/PETITIONER: Giovanni Mims, on behalf of himself., et al

DEFENDANT/RESPONDENT: Amli Management Company, an Illinois corporation.

CASE NUMBER: HG20053462

Ref. No. or File No.:

PROOF OF SERVICE OF SUMMONS

Filed By Fax

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons, Instructions for use, Complaint, Civil Case Cover Sheet, Instructions on how to complete the Cover Sheet.

3. a. Party served: AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership

b. Person Served: Jian Carlos, Process Specialist-CT Corporation System - Person Authorized to Accept

4. Address where the party was served: 28 Liberty Street New York
New York, NY 10005

5. I served the party

a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 02/12/2020 (2) at (time): 12:15PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

d. on behalf of:

AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership
under: Other: Limited Partnership

7. **Person who served papers**

a. Name: Joshua Lee

b. Address: One Legal - 194-Marin
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

c. Telephone number: 415-491-0606

d. The fee for service was: $ 160.00

e I am:

(1) Not a registered California process server.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 02/12/2020

Joshua Lee
(NAME OF PERSON WHO SERVED PAPERS)

(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

PROOF OF SERVICE OF SUMMONS

Code of Civil Procedure, § 417.10

OL# 14384211

Exhibit E

Exhibit E

Setareh Law Group
Attn: Setareh, Shaun
315 South Beverly Drive, Suite 315
beverly Hills, CA 90212

McGuire Woods LLP
Attn: Sakaue, Kerri H.
1800 Century Park East, 7th Floor
Los Angeles, CA 90067

**Superior Court of California, County of Alameda**
**Rene C. Davidson Alameda County Courthouse**

| Mims<br>Plaintiff/Petitioner(s)<br>VS.<br>Ami Management Company<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. HG20053462<br><br>NOTICE OF HEARING (AMENDED)<br><br>Complex Determination Hearing on 04/21/2020 has been vacated and rescheduled. |
|---|---|

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 05/05/2020 TIME: 03:00 PM DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be

Exhibit E

Exhibit E

scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 04/20/2020

Chad Finke Executive Officer / Clerk of the Superior Court

By digital

Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 04/20/2020.

By digital

Deputy Clerk

Exhibit E

Setareh Law Group
Attn: Setareh, Shaun
315 South Beverly Drive, Suite 315
beverly Hills, CA 90212

McGuire Woods LLP
Attn: Sakaue, Kerri H.
1800 Century Park East, 7th Floor
Los Angeles, CA 90067

**Superior Court of California, County of Alameda**
**Rene C. Davidson Alameda County Courthouse**

| | |
|---|---|
| Mims<br>Plaintiff/Petitioner(s)<br>VS.<br>Ami Management Company<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. HG20053462<br>Order<br>Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 05/05/2020 at 03:00 PM in Department 23 before the Honorable Brad Seligman. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to one of the three complex judges and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined

parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated: 05/05/2020

facsimile

Judge Brad Seligman

Exhibit E

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: HG20053462
Order After Hearing Re: of 05/05/2020

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 05/06/2020.

Chad Finke Executive Officer / Clerk of the Superior Court

By digital

Deputy Clerk

Exhibit E

## *Superior Court of California, County of Alameda*

## *Notice of Assignment of Judge for All Purposes*

Case Number: HG20053462
Case Title: Mims VS Ami Management Company
Date of Filing: 02/05/2020

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Brad Seligman** |
| **Department:** | **23** |
| **Address:** | **Administration Building<br>1221 Oak Street<br>Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6939** |
| **Fax Number:** | **0** |
| **Email Address:** | **Dept.23@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

Exhibit E

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Brad Seligman
DEPARTMENT 23

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's website also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

You may schedule case management hearings, law & motion hearings and other calendar events with Department 23 by EMAIL ONLY. The use of email is not a substitute for filing pleadings or filing other documents. You must provide copies of all email communications to each party (or the party's attorney if the party is represented) at the same time that you send the email to the Court and you must show that you have done so in your email. Courtesy copies of all moving, opposition and reply papers should be delivered directly to Dept. 23 in the Administration Building 1221 Oak St. 4th Floor Oakland, CA 94612.

**Schedule for Department 23**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays through Thursdays from 9:00 am - 1:30 pm.
- Case Management Conferences are held: Tuesdays beginning at 3:00 pm. and Fridays 9:15 am
- Law and Motion matters are heard: Tuesdays beginning at 3:00 pm. and Fridays 9:30 am; in exceptional circumstances, motions may be set at other times.
- Settlement Conferences are heard: N/A
- Ex Parte matters are heard: Tuesdays at 3:00 pm. and Fridays 9:00 am
- Reservations by email only. The court conducts discovery conferences pursuant to Local Rule 3.31 as described in the Initial Case Management Order issued in each case. No discovery motions will be scheduled prior to conference with the court. Email to schedule a conference. The email should briefly state the manner in which the parties have met and conferred.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email: Dept23@alameda.courts.ca.gov

  Reservations by email only. (See Special Motion above)

- Ex Parte Matters
  Email: Dept23@alameda.courts.ca.gov

  Reservations by email only.

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 23
- Phone: 1-866-223-2244

Dated: 05/07/2020

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/08/2020

By

digital

Deputy Clerk

| SHORT TITLE: Mims VS Ami Management Company | CASE NUMBER: HG20053462 |
|---|---|

ADDITIONAL ADDRESSEES

Setareh Law Group
Attn: Setareh, Shaun
315 South Beverly Drive, Suite 315
beverly Hills, CA 90212

McGuire Woods LLP
Attn: Sakaue, Kerri H.
1800 Century Park East, 7th Floor
Los Angeles, CA 90067

**SETAREH LAW GROUP**
Shaun Setareh (SBN 204514)
Email: shaun@setarehlaw.com
Thomas Segal (SBN 222791)
Email: thomas@setarehlaw.com
Farrah Grant (SBN 293898)
Email: farrah@setarehlaw.com
315 S. Beverly Drive, Suite 315
Los Angeles, CA 90212
Tel: (310) 888-7771
Fax: (310) 888-0109

Attorneys for Plaintiff
GIOVANNI MIMS

**MCGUIREWOODS LLP**
Kerri H. Sakaue (SBN 301043)
Email: ksakaue@mcguirewoods.com
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
Tel: (310) 315-8200
Fax: (310) 315-8210

Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

ENDORSED
FILED
ALAMEDA COUNTY
MAY 1 2 2020
THE SUPERIOR COURT
Anita Dhir

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

GIOVANNI MIMS, on behalf of himself, all others similarly situated,

Plaintiff,

vs.

AMLI MANAGEMENT COMPANY, an Illinois Corporation: AMLI RESIDENTIAL PARTNERS, LLC, a Delaware Limited Liability Company; AMLI RESIDENTIAL PROPERTIES, L.P., a Delaware Limited Partnership; and DOES 1-50, inclusive,

Defendants.

CASE NO. HG20053462
[Assigned for all purposes to Hon. Brad Seligman, Dept. 23]

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Case Management Conference:
Date: May 19, 2020
Time: 3:00 p.m.
Dept.: 23

Complaint filed: February 5, 2020

FAXED

Plaintiff Giovanni Mims ("Plaintiff") and Defendants AMLI Management Company, AMLI Residential Partners, LLC, and AMLI Residential Properties, L.P. ("Defendants") (collectively, the "Parties") hereby submit this Joint Case Management Conference Statement:

**1. Factual Summary**

**Plaintiff's Position:**

Defendant violated various provisions of the California Labor Code by failing to provide rest periods in violation of Labor Code sections 204, 223, 226.7, and 1198, failing to pay hourly and overtime wages in violation of Labor Code sections 204, 223, 510, 1194, 1194.2, 1197,1197.1 and 1198, failing to pay vacation wages in violation of Labor Code section 227.3, failing to provide accurate itemized wage statements in violation of Labor Code section 226, and failing to timely pay final wages in violation of Labor Code sections 201, 202, and 203 ("Labor Code claims"). Plaintiff also has a derivative unfair competition law ("UCL") claim based on the same alleged Labor Code violations.

Plaintiff and the putative class members were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (3) no compliant formal written rest period policy that encouraged employees to take their rest periods. As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their rest periods in order to complete their assignments on time.

Plaintiff and the putative class accrued vacation wages during their employment with Defendants. Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, (1982) 31 Cal. 3d 774. Upon termination, Plaintiff and the putative class were not paid out all accrued vacation pay.

Defendants did not correctly calculate Plaintiff or class members regular rate of pay to include all applicable remuneration, including, but not limited to, non-discretionary bonuses and/or rest break premium wages.

**Defendants' Position:**

Defendants contend that the Complaint filed by Plaintiff contains largely legal and boilerplate conclusions.  As a result, Defendants have not been sufficiently apprised of the factual basis for Plaintiff's claims.  Nevertheless, Defendants deny all of Plaintiff's factual and legal allegations and contend that they complied with all applicable laws.  Defendants deny that they have violated the California Labor Code or any other provision of state or federal law.  Defendants further contend that, even if true (which they are not), the Complaint allegations do not provide a basis for Plaintiff's individual and/or class action claims. Plaintiff does not allege any facts which would even suggest that Defendants had any uniform policy of failing to pay Plaintiff and others he purports to represent vacation wages, hourly and overtime wages and failing to provide legally compliant rest breaks, or that he has any basis for alleging such claims on behalf of people with whom he did not directly work and who worked in different positions, in different locations throughout the state. Defendants also maintain that Plaintiff cannot make the requisite showing of intent or injury needed to prevail on a claim for inaccurate wage statements under Cal. Lab. Code § 226. Defendants further contend that Plaintiff's derivative claims for inaccurate wage statements pursuant to Cal. Lab. Code § 226, late payment of final wages pursuant to Cal. Lab. Code §§ 201-203, and unlawful business practices pursuant to Cal. Lab. Code § 17200 et seq. fail because the underlying predicate claims fail. Defendants also contend that, to the extent Plaintiff's claims are based upon statutes which provide for attorneys' fees to the prevailing party, Defendants are entitled to such fees and all costs reasonably necessary to defend this action.

**2.    Joinder of Parties and Amended Pleadings**

The Parties have agreed that amended pleadings or additional parties should be filed/joined no later than sixty (60) days after the initial Case Management Conference is held.

**3.    Procedural Statement**

This action was filed in this Court on February 5, 2020.  Defendants timely filed their

Answer on March 9, 2020. All parties have been served and have appeared.

Simultaneously with the filing of this case, Plaintiff filed two (2) additional cases against Defendants which are now pending in federal court: (1) *Giovanni Mims v. AMLI Management Company, et al.*, N.D. Cal. Case No. 3:20-CV-01715-JCS, filed on February 5, 2020 and removed on March 10, 2020 (alleging violations of the Fair Employment and Housing Act, among other statutes); and (2) *Giovanni Mims v. AMLI Management Company, et al.*, N.D. Cal. Case No. 3:20-cv-01719-JSW filed on February 5, 2020 and removed on March 10, 2020 (alleging violations of the Fair Credit Reporting Act).

The Parties have not engaged in settlement discussions, but have discussed submitting this matter to private mediation in order to attempt reach a global settlement of Plaintiff's three (3) pending cases against Defendants. The Parties are presently engaged in discussions regarding a proposed mediator and anticipate scheduling mediation with the selected mediator shortly. If the Parties are unable to reach a settlement, to avoid duplicative and burdensome discovery, Defendants believe coordination of discovery in Plaintiff's pending cases against Defendants may be necessary.

The Parties have not conducted any discovery. In addition to engaging in written discovery (interrogatories, requests for production, and requests for admissions), the Parties anticipate taking various depositions, including depositions of the Parties to this action and third-party witnesses.

Defendants reserve their right to file an affirmative motion(s) to seek a change in venue and/or bifurcation of issues for trial.

**4. Class Discovery and Class Certification**

Plaintiff proposes filing a motion for class certification in or around late 2021 after discovery has been completed and does not believe that phasing of discovery is necessary in this case. The Parties will meet and confer concerning appropriate stipulations on that subject, including a potential stipulation to limit discovery to the documents and information necessary for the parties to prepare for early mediation. If such issues cannot be resolved informally, they will be presented to the Court for resolution in accordance with the Code of Civil Procedure, California Rules of Court and/or Local Rules for the Alameda County Superior Court. In terms of a briefing schedule for class certification, the Parties are amenable to meeting and conferring on the briefing and hearing

schedule once Plaintiff files his motion for class certification.

**5. Proposed Schedule**

The Parties propose that if and only after the Court rules on the issue of class certification, the Court should at that time set a Case Management Conference to schedule the trial date and deadlines as to what remains to be adjudicated in the case at that time.

**6. Evidentiary Issues**

**Claims of Privilege**

Plaintiff may seek documents and/or information which contain trade secrets or other confidential or private information related to Defendants' businesses and/or employees. To the extent such information or documentation is sought by Plaintiff, the Parties will negotiate in good faith as to a stipulated Protective Order or other appropriate measures, but if they are unable to agree, will submit proposed Orders to the Court for resolution.

If a party discovers that it has inadvertently produced privileged materials or work product, it must notify the receiving party and set forth, in writing, the basis for the privilege claim. Inadvertent production of such materials does not constitute a waiver of any privilege. If the receiving party has disclosed the protected information to a third party, the receiving party must take reasonable steps to retrieve the information. The receiving party must then return, sequester or destroy all copies and cannot use or disseminate the information until the privilege claim is resolved. A party may also promptly submit the material to the Court under seal for the determination of the privilege claim.

DATED: May 12, 2020

**SETAREH LAW GROUP**

By: /s/ Farrah Grant
Shaun Setareh
Thomas Segal
Farrah Grant
Attorneys for Plaintiff
GIOVANNI MIMS

Exhibit E

DATED: May 12, 2020

**MCGUIREWOODS LLP**

By: ______________________________
Kerri H. Sakaue
Attorneys for Defendants
AMLI MANAGEMENT COMPANY,
AMLI RESIDENTIAL PARTNERS, LLC,
and AMLI RESIDENTIAL PROPERTIES, L.P.

Exhibit E

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On May 12, 2020, I served the following document(s) described as **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Shaun Setareh
Thomas Segal
Farrah Grant
SETAREH LAW GROUP
315 South Beverly Drive, Suite 315
Beverly Hills, CA 90212

*Attorney for Plaintiff Giovanni Mims*

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12, 2020, at Los Angeles, CA.

Matthew Whitney

Exhibit E
22607468

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

FILED
ALAMEDA COUNTY
MAY 2 2 2020
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

| | |
|---|---|
| MIMS,<br>Plaintiffs | Case No. HG20053462 |
| AMI MANAGEMENT COMPANY,<br>Defendants | INITIAL CASE MANAGEMENT ORDER<br><br>ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO: JUDGE BRAD SELIGMAN, DEPARTMENT 23 |

The following order shall apply to all parties in this action:

1. CASE MANAGEMENT CONFERENCES

At Case Management Conferences the Court will address discovery issues, schedules, and other subjects pursuant to CRC 3.750. Counsel thoroughly familiar with the case shall attend the Case Management Conferences. See LRC, Rule 3.290.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Courtesy copies of statements must be delivered directly to Dept. 23. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

Exhibit E

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification, if applicable;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1) unserved parties and the reasons for the failure to serve;

(2) unserved and/or unfiled cross-complaints;

(3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4) any possible jurisdictional or venue issues that may arise;

(5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

(6) unresolved law and motion matters;

(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8) severance of issues for trial; and

(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda. Counsel may also address ways of structuring the trial of the action such as bifurcation, severance, bell-weather trials, use of special masters, use of expedited jury procedures and/or waiver of jury.

Parties are advised to check the court's register of action before appearing at any case management conference, including the Initial Case Management, at least one day before any scheduled appearance to determine if the court has issued a tentative case management order. If published, this tentative case management order will become the order of the Court unless counsel or self represented party notifies the Court and opposing counsel/self-represented party by email not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order, and specifies the nature of the party's concern. (Please note that the Tentative Rulings posted on the website are for tentative rulings on law and motion matters and will not display tentative Case Management Orders. The tentative Case Management

Orders are found in the Register of Action). Department 23 may be reached at Dept.23@alameda.courts.ca.gov.

2. NOTICE OF FEE CHANGES - JURY TRIAL FEE

Effective July 2, 2012, the advance jury fee is fixed at $150.00, and is no longer refundable.  With certain exceptions, the jury trial fee is due on or before the date scheduled for the initial case management conference. See, C.C.P. 631(b).

3. DISCOVERY

Discovery Conference: Motions related to discovery (i.e. motions to compel, protective orders etc.) may not be filed without leave of the court until after an informal discovery conference pursuant to revised Local Rule 3.31 (January 1, 2019) except a party may request a discovery conference in a Case Management Conference Statement. The discovery conference is not a pro forma step before a motion.  Requests for a discovery conference may be made, after meaningful meet and confer, by sending an email to the department clerk, copied to all counsel. The court will provide proposed dates.  Parties are to meet and confer as to availability for the proposed dates. If one or more parties are not available on the proposed date(s), additional dates may be requested. Upon request, the court will consider telephonic appearances as well as calls from depositions in progress.

4.  EMAILS TO COURT

Emails to the court are not part of the court record in this case and may be deleted without notice.  Email is not a substitute for required filings. Any emails should be copied to all counsel. The Department 23 email may only be used for the following purposes: to seek a reservation to schedule a proceeding on the court's calendar, to give

notice that a hearing has been dropped or a settlement reached, to request a discovery conference, emergency scheduling issues (i.e. running late to a hearing), to give notice that a litigant intends to appear to contest a tentative ruling, to reply to an inquiry from the clerk or research attorney of Department 23, to communicate with the courtroom clerk regarding department 23 procedures, or other matters that the court has expressly authorized in this case.

5. Pro Hac Vice Process

Applications for Pro Hac Vice must be submitted by noticed motion on regular time, or, if it is a time sensitive matter, a request for an order shortening time must be submitted. Applications will not be considered on an ex parte basis. CRC 9.40.

6. NOTICE

Parties are advised that CASE MANAGEMENT ORDERS, including trial setting orders, and FINAL RULINGS ON LAW AND MOTION that are issued by Dept. 23 will be published in the Court's website in the Register of Action for this case. The clerk of the court WILL NOT serve each party a copy of future orders. Instead, unless otherwise ordered, counsel shall obtain copies of all future orders from the Register of Action in this case.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service. The clerk is directed to serve a copy of this CASE MANAGEMENT ORDER upon counsel for Plaintiff(s).

DATED: May 22, 2020

BRAD SELIGMAN, JUDGE

---

CLERK'S CERTIFICATE OF SERVICE

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addresses shown below, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed: 05/22/2020

Jhalisa Castaneda
Courtroom Clerk, Dept. 23

| | |
|---|---|
| Shaun Setareh<br>Thomas Segal<br>Farrah Grant<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212<br>shaun@setarehlaw.com<br>thomas@setarehlaw.com<br>farrah@setarehlaw.com | *Attorneys for Plaintiff Giovanni Mims* |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067.

On June 11, 2020, I served the following document(s) described as **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Shaun Setareh<br>Thomas Segal<br>Farrah Grant<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212 | *Attorney for Plaintiff*<br>*Giovanni Mims* |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 310.315.8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s). (C.C.P. § 1011)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 11, 2020, at Los Angeles, CA.

Matthew Whitney